MICHAEL GARTH YOHEY, APPELLANT, v. THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, RESPONDENT.

No. 18109

December 22, 1987 747 P.2d 238

*Paul A. Richards,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Neil H. Friedman,* Deputy Attorney General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 2, 1979, appellant was convicted in the justice's court for driving under the influence of intoxicating liquor (DUI) in violation of NRS 484.379. Appellant did not appeal this conviction. Approximately six years and four months later, on March 8, 1986, appellant was again arrested for DUI. At trial, however, the district attorney did not introduce evidence of appellant's 1979 conviction based on his determination that the 1979 conviction was constitutionally insufficient because appellant was

not represented by counsel during the 1979 proceedings. Consequently, on September 10, 1986, appellant was convicted in the justice's court for first offense DUI. Appellant, again, did not appeal this conviction.

Subsequent to appellant's conviction, the justice's court officially notified the Department of Motor Vehicles and Public Safety (the department) of appellant's 1979 *and* 1986 convictions. On November 17, 1986, the department held a hearing regarding the revocation of appellant's driver's license. Appellant contended at the hearing that the department should treat appellant's 1986 conviction as a first DUI conviction within seven years, as the justice's court had, and accordingly revoke his driving privilege for only 90 days. *See* NRS 483.460(1)(c). The hearing officer was not persuaded. On November 20, 1986, the hearing officer revoked appellant's driver's license for one year, based on appellant's two convictions within a seven-year period. *See* NRS 483.460(1)(b)(5). Appellant petitioned the district court for judicial review, and the district court affirmed the hearing officer's determination. This appeal followed.

Appellant first contends that the justice's court's treatment of his second (1986) conviction as a first offense is binding on the department in its license revocation proceedings. This contention is without merit.

NRS 483.460 provides in pertinent part:

> 1. Unless otherwise provided by statute, the department *shall revoke* the license . . . of any driver upon receiving a record of his conviction of any of the following offenses, when that conviction has become final . . .
>
> . . . .
>
> (b) For a period of 1 year if the offense is:
>
> . . . .
>
> (5) A second violation within 7 years of NRS 484.379.
>
> . . .

(Emphasis added.) The statute quoted above is clear and unambiguous. It imposes upon the department a mandatory duty to revoke an individual's driver's license for one year upon the existence of three factors: (1) the department must receive valid records of conviction; (2) these records must show that the individual was convicted twice within seven years for violating NRS 484.379 (DUI); and (3) the convictions must be final. All three elements were satisfied in the present case. Specifically, we note that the justice's court forwarded to the department documents indicating that appellant had been convicted for DUI on

November 2, 1979 and September 10, 1986.[1] Upon receipt of these records the department was required to revoke appellant's driver's license for one year. Nothing in the statute grants the department, expressly or impliedly, any discretion in revoking a driver's license. Once the department received and determined the authenticity of appellant's conviction records, it performed a purely ministerial function in revoking appellant's driver's license. *See, e.g.,* Paterson v. Department of Motor Vehicles, 217 Cal.Rptr. 881 (Cal.Ct.App. 1985) (mandatory suspension by the Motor Vehicle Department, without hearing, of driver's license upon third drunk driving conviction did not violate due process; in such a case the facts have already been determined in a criminal proceeding and revocation constitutes ministerial rather than quasi-judicial action); Comeaux v. Department of Public Safety, 311 So.2d 61, 62 (La.Ct.App. 1975) (pursuant to Louisiana statutes, the department properly revoked petitioner's license for one year "when he [had] been convicted twice of that offense, irrespective of the fact that his second conviction was not based on a charge of being a second offender"). We conclude that the department properly revoked appellant's driver's license for one year under the clear mandate of NRS 483.460(1)(b)(5).

Appellant next contends that the revocation of his driver's license constitutes an enhancement of the penalty imposed pursuant to conviction. Consequently, appellant maintains that the department should have reviewed his 1979 conviction to determine whether it was constitutionally valid. We disagree. The objective of administrative revocation of a driver's license under NRS 483.460 is not to impose additional punishment but to protect the unsuspecting public from irresponsible drivers.

> The revocation of driver's license or driving privilege is not a part of the penalty provided for violation of the statute. The deprivation of the driving right or privilege is for the protection of the public, and is not done for the punishment of the individual convicted. Moreover, the revocation is not by the court in which the conviction occurs, but is by the commissioner of law enforcement, in pursuance of regulations and conditions imposed upon the exercise of the driving right or privilege, under the police power of the state.

State v. Parker, 336 P.2d 318, 320 (Id. 1959). The reasoning of

---

[1]These documents consisted of misdemeanor citations (complaints) and records of conviction made upon forms furnished by the department, consistent with NRS 483.450(2).

*Parker* is equally applicable to the case at hand. The revocation of a driver's license by the department, rather than the court of conviction, is not an enhancement of the penalty imposed by the court of conviction. Moreover, NRS 483.460 neither obligates nor authorizes the department to assess the validity of prior convictions. Indeed, the department, as an administrative agency, lacks the expertise to assess the constitutional validity of prior convictions. Therefore, we conclude that the district court properly affirmed the revocation of appellant's driver's license for one year.

Accordingly, the judgment of the district court is affirmed.