STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-
CLES AND PUBLIC SAFETY, Appellant, v.
PATRICK ORTEGA, Respondent.

No. 22231

December 6, 1991                                    821 P.2d 352

*Frankie Sue Del Papa,* Attorney General, Carson City; *Andres R. Rappard,* Deputy Attorney General, Las Vegas, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court vacating an order of the Nevada Department of Motor Vehicles and Public Safety (DMV) revoking respondent's driving privileges.[1] We reverse.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

On November 9, 1989, respondent was arrested for driving under the influence of alcohol in violation of NRS 484.379. On November 13, 1989, respondent pleaded guilty and was convicted of that offense in the Henderson Municipal Court. No notice of respondent's conviction was forwarded to the DMV at that time.

On December 12, 1989, respondent was notified by the DMV that his driving privileges had been revoked pursuant to NRS 484.385, because respondent had been driving with more than 0.10 percent of alcohol in his blood. *See* NRS 484.385(1) (the DMV must revoke a person's driving privileges if a test of the person's blood, urine or breath reveals that he was driving with 0.10 percent of alcohol in the blood). Following a hearing on January 2, 1990, a DMV DUI adjudicator dismissed the case against respondent and reinstated respondent's driving privileges on the sole ground that the DMV had no paperwork to demonstrate that respondent had driven a car with 0.10 percent of alcohol in his blood.

On April 17, 1990, the DMV received notice from the Henderson Municipal Court of respondent's conviction entered on November 13, 1989. Consequently, on April 21, 1990, the DMV revoked respondent's driving privileges pursuant to the mandatory provisions of NRS 483.460 for a period of ninety days. Respondent requested and was granted a hearing before a DMV hearing officer. The hearing officer affirmed the order of revocation.

On July 31, 1990, respondent filed in the district court a petition for judicial review of the decision of the DMV to revoke his driving privileges. After accepting written arguments and following a hearing, the district court issued an order on March 12, 1991, vacating the order of the DMV and restoring respondent's driving privileges. This timely appeal followed.

The order of the district court does not specify any reason for the reversal of the DMV's order. Further, there is no transcript of the hearing before the district court in the record. Thus, this court must necessarily speculate as to the reason for the reversal. The DMV argues on appeal that the district court reversed solely because the clerk of the Henderson Municipal Court failed to comply with NRS 483.450(3).[2] The DMV correctly contends that reversal on that basis was error.

---

[2]NRS 483.450 provides in relevant part:

   3. Every court, including a juvenile court, having jurisdiction over violations of the provisions of NRS 483.010 to 483.630, inclusive, or any other law of this state or municipal ordinance regulating the operation of motor vehicles on highways shall forward to the department:
   (a) If the court is other than a juvenile court, a record of the

NRS 483.460 imposes on the DMV a nondiscretionary duty to revoke the driver's license of any person who, like respondent, has been convicted of a DUI offense. *See* Yohey v. State, Dep't Motor Vehicles, 103 Nev. 584, 747 P.2d 238 (1987). The DMV's ministerial duty to revoke drivers' licenses does not depend on whether the court clerk timely transmits to the DMV a defendant's record of conviction. It would create an unmanageable burden on the DMV to have a routine, ministerial function made dependent on the timely performance of a duty by scores of minor functionaries in court clerks' offices across the state. The legislature could not have intended such a result, and such a result is not supported by either reason or statute. We conclude that the district court erred in determining that the timely transmission of the record of conviction was jurisdictional.

Respondent argued below, and argues on appeal, that the DMV was precluded from revoking his driver's license on April 21, 1990, by the doctrines of res judicata and collateral estoppel. Specifically, respondent contends that the dismissal on January 2, 1990, of the revocation of his license based on a violation of NRS 484.385 for driving with 0.10 percent of alcohol in his blood acts as a bar to a revocation of his license based on his judgment of conviction. This contention is frivolous. No issue that was raised or could have been raised at the hearing of January 2, 1990, is even remotely relevant to the DMV's ministerial duty to revoke respondent's driver's license pursuant to NRS 483.460 upon receipt of a record of respondent's judgment of conviction for a DUI offense. Thus, the doctrines of res judicata and collateral estoppel are entirely inapplicable in this case.

Respondent contended below and contends on appeal that his driver's license should not be revoked because the DMV has engaged in discriminatory and vindictive prosecution of this matter in violation of respondent's constitutional rights to due process and equal protection. Without any supporting documentation of any kind, respondent accuses the DMV of applying NRS 483.460 only against persons who successfully challenge the DMV's attempts to revoke a driver's license pursuant to NRS 484.385. These accusations are baseless. As previously noted, the DMV exercises absolutely no discretion in its application of either NRS 484.385 or NRS 483.460. Further, the DMV's ministerial act of revoking a driver's license pursuant to a statutory mandate is in no sense a prosecution. Thus, the DMV has not acted in any vindictive or discriminatory manner in this case.

---

conviction of any person in that court for violation of any such laws other than regulations governing standing or parking;

. . . .

within 20 days after the conviction . . . .

Accordingly, we reverse the decision of the district court, and we remand this matter to the district court. On remand, the district court shall reinstate the order of the DMV revoking respondent's driving privileges.[3]

---

[3]THE HONORABLE JOHN C. MOWBRAY, Chief Justice, did not participate in the decision of this appeal.