STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-
CLES AND PUBLIC SAFETY, Appellant, *v.* ELLEN
BLAIR aka CLAYTON, Respondent.

No. 22158

February 20, 1992                    825 P.2d 1232

*Frankie Sue Del Papa,* Attorney General, Carson City; *Grenville Thomas Pridham,* Deputy Attorney General and *Laurie B. Foremaster,* Deputy Attorney General, Las Vegas, for Appellant.

*Alan B. Andrews,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On May 18, 1990, respondent Ellen Blair was arrested for driving under the influence of alcohol and taken to the city jail, where she was given the implied consent admonition. Respondent consented to a blood test, and her blood was drawn by Marian Berg, the nurse on duty at the jail.

The test result revealed a blood alcohol level of .25 percent by weight, and appellant, the Department of Motor Vehicles and Public Safety (DMV), revoked respondent's driving privileges. Respondent requested an administrative hearing, at which the hearing examiner accepted into evidence the affidavit of Nurse Berg attesting that she was a nurse, that she had drawn respondent's blood, and that she was certified to do so by the "NSB-N." In the affidavit, Nurse Berg did not identify herself as a licensed practical nurse until the title line below her signature at the bottom of the page, where she wrote the letters "LPN." The hearing examiner understood "LPN" to mean "licensed practical nurse," and "NSB-N" to mean "Nevada State Board of Nursing." Based on the police officer's testimony, the affidavit of Nurse Berg, and the affidavit of the chemist who performed the blood test, the examiner admitted the blood test result and affirmed the order of revocation.

Respondent then instituted proceedings in the district court for judicial review. The district court reversed the DMV's revocation order, finding that Nurse Berg's affidavit was deficient and should not have been admitted. The district court reasoned that because NRS 484.393(1)(a) allows blood to be drawn only by specifically authorized persons, among others a "registered nurse" or a "licensed practical nurse," an affidavit stating only that a "nurse" drew the blood is insufficient to satisfy the statute. The district court agreed with respondent that, because the letters "LPN" do not appear in the body of the affidavit, they do not establish that the blood was drawn in compliance with the statute. The district court concluded that the DMV should not have admitted the blood test result, and therefore the revocation was improper. This appeal by the DMV followed.

## DISCUSSION

Respondent does not dispute the hearing examiner's factual finding that the initials "LPN" stand for "licensed practical nurse." The sole issue before this court, therefore, is whether the fact that Nurse Berg's title follows, rather than precedes, her signature invalidated her affidavit for the purpose of proving at

the DMV hearing that a person authorized under NRS 484.393 drew respondent's blood.[1]

The DMV argues that the district court erred in finding Nurse Berg's affidavit insufficient to prove that she was statutorily authorized to draw respondent's blood. Respondent argues, on the other hand, that because of its position in the affidavit, Nurse Berg's status as a licensed practical nurse is not a fact sworn to in the body of the affidavit and cannot establish Nurse Berg's credentials for evidentiary purposes. We conclude, however, that the location of Nurse Berg's title does not invalidate the factual finding of the hearing examiner that a statutorily authorized person drew respondent's blood, and we reverse the decision of the district court.

Findings of fact at administrative hearings must be based on substantial evidence. NRS 233B.121(8). Nurse Berg swears in her affidavit that she is a nurse and is authorized to draw blood by the Nevada State Board of Nursing. The title line below the signature clearly indicated to the hearing examiner that Nurse Berg is a licensed practical nurse. Accordingly, the hearing examiner found, based on Nurse Berg's affidavit, that a statutorily authorized person drew respondent's blood. Respondent did not challenge or otherwise present any evidence to contradict the hearing examiner's factual finding.

The obvious purpose of NRS 484.393(1) is to "assure that a medically trained and competent individual will withdraw blood in a acceptable manner." State v. Webster, 102 Nev. 450, 454, 726 P.2d 831, 833 (1986). This court has held that NRS 484.393 should be liberally construed to avoid an absurd result. *Id.* at 455, 726 P.2d at 834. Without deciding whether Nurse Berg swore she was a licensed practical nurse, we conclude that the affidavit presents substantial and uncontroverted evidence that a licensed practical nurse, certified by the Nevada State Board of Nursing, drew respondent's blood. Therefore, the hearing examiner properly revoked respondent's driving privileges. *See* NRS

[1]NRS 484.393 provides, in pertinent part:

1. The results of any blood test administered under the provisions of NRS 484.383 or 484.391 are not admissible in any hearing or criminal action arising out of the acts alleged to have been committed while a person was under the influence of intoxicating liquor or a controlled substance unless:

(a) The blood tested was withdrawn by a physician, physician's assistant, *registered nurse, licensed practical nurse,* emergency medical technician or a technician, technologist or assistant employed in a medical laboratory;

. . . .

(c) The person who withdrew the blood was authorized to do so by the appropriate medical licensing or certifying agency.

(Emphasis added.)

484.393(1). Any other conclusion would lead to an absurd result. Accordingly, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.