STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, *v.* JAMES DEAN HAFEN, Respondent.

No. 22302

December 4, 1992 842 P.2d 725

*Frankie Sue Del Papa,* Attorney General, Carson City; *Grenville Thomas Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent Hafen's petition for judicial review and reversing the revocation of Hafen's driver's license.

The record on appeal contains a copy of a document which indicates that Hafen was "convicted" of "DUI" on January 17, 1986, in the Juvenile Division of the Eighth Judicial District Court. Hafen committed the offense on November 9, 1985, when he was seventeen years old. Hafen was cited for DUI on August 25, 1989, and was convicted of the offense on November 2, 1989. The Department of Motor Vehicles and Public Safety (the DMV) subsequently revoked Hafen's driving privilege for one year.

Hafen requested an administrative hearing to contest the revocation of his driving privilege. Hafen filed a written objection to the admission of the record of his 1986 DUI "conviction" on the ground that he was a juvenile at the time of the offense. The record of his 1986 DUI "conviction" was admitted over Hafen's objection. After a hearing, the hearing officer affirmed the revocation of Hafen's driving privilege by way of a written order dated May 14, 1990.

Hafen filed a petition for judicial review on June 15, 1990. On July 9, 1990, the district court granted Hafen's motion for a temporary stay of the revocation order. After briefing and oral argument, the district court entered a written order vacating the revocation of Hafen's driving privilege on April 2, 1991. This appeal by the DMV followed.

The DMV contends that the district court erred in vacating the

revocation of Hafen's driving privilege. Specifically, the DMV contends that under the applicable statutes, the record of Hafen's 1986 juvenile DUI violation, together with the record of his 1989 DUI conviction, obligated the DMV to revoke Hafen's driving privilege for one year.

NRS 483.460 provides in relevant part:

> 1. Unless otherwise provided by statute, the department shall revoke the license, permit or privilege of any driver upon receiving a record of his conviction of any of the following offenses, when that conviction has become final, and the driver is not eligible for a license, permit or privilege to drive for the period indicated:
>
> . . . .
>
> (b) For a period of 1 year if the offense is:
>
> . . . .
>
> (5) A second violation within 7 years of NRS 484.379 and the driver is not eligible for a restricted license during any of that time.

In interpreting this statute, this court has stated:

> [NRS 483.460] is clear and unambiguous. It imposes upon the department a mandatory duty to revoke an individual's driver's license for one year upon the existence of three factors: (1) the department must receive valid records of conviction; (2) these records must show that the individual was convicted twice within seven years for violating NRS 484.379 (DUI); and (3) the convictions must be final.

Yohey v. State, Dep't Motor Vehicles, 103 Nev. 584, 586, 747 P.2d 238, 239 (1987). The DMV's revocation of Hafen's driving privilege was proper only if the three factors set forth in *Yohey* were met. The first of these factors is the receipt by the DMV of valid records of conviction. NRS 483.450 provides in part:

> 4. For the purposes of NRS 483.010 to 483.630, inclusive:
>
> (a) "Conviction" means a final conviction, and includes a finding by a juvenile court pursuant to NRS 62.221.

In the instant case, Hafen's juvenile adjudication does not amount to a final conviction. *See* NRS 62.216 (a juvenile adjudication is not a conviction). The only other basis for considering Hafen's juvenile adjudication a conviction was if it was "a finding by a juvenile court pursuant to NRS 62.221." NRS 62.221 provides in part:

> Whenever any child is found to have committed a minor traffic offense, the judge, or his authorized representative,

shall forward to the department of motor vehicles and public safety, in the form required by NRS 483.450, a record of the violation . . . .

NRS 62.020 defines "minor traffic offense" as follows:

5. "Minor traffic offense" means a violation of any state or local law, ordinance or resolution governing the operation of a motor vehicle upon any street, alley or highway within the State of Nevada other than:

(a) Manslaughter;

(b) Driving a motor vehicle while under the influence of intoxicating liquor, a controlled substance or a drug in violation of NRS 484.379; or

(c) Any traffic offense declared to be a felony.

Because NRS 62.020 specifically states that driving under the influence of intoxicating liquor is not a minor traffic offense, Hafen's juvenile DUI adjudication is not "a finding pursuant to NRS 62.221." Because Hafen's juvenile DUI adjudication is also not a final conviction, it is not a "conviction" for the purposes of NRS 483.460. Therefore the DMV was incorrect in revoking Hafen's driving privilege for one year pursuant to NRS 483.460(1)(b)(5), and the district court did not err in reversing the one-year revocation.

▪▪▪▪

The DMV contends that even if the juvenile adjudication is not a conviction for the purposes of NRS 483.460, the district court erred in not revoking Hafen's driving privilege for 90 days for the instant offense. We agree.

NRS 483.460 provides in pertinent part:

1. Unless otherwise provided by statute, the department shall revoke the license, permit or privilege of any driver upon receiving a record of his conviction of any of the following offenses, when that conviction has become final, and the driver is not eligible for a license, permit or privilege to drive for the period indicated:

. . . .

(c) For a period of 90 days, if the offense is a first violation within 7 years of NRS 484.379.

Under NRS 483.460(1)(c), the DMV was required to revoke Hafen's driving privilege for 90 days. Accordingly, we affirm in part the order of the district court vacating the one-year revocation of Hafen's driving privilege, but reverse the order of the district court restoring Hafen's driving privilege. We remand this matter to the district court, and instruct the district court to reinstate the revocation of Hafen's driving privilege for 90 days

pursuant to NRS 483.460(1)(c). The district court shall credit Hafen with any time during which his driving privilege has already been revoked.[1]

---

[1]The Honorable John C. Mowbray, Chief Justice, did not participate in the decision of this appeal.