*946 OPINION

Per Curiam:

On May 3, 1984, respondent Hans K. Binder was convicted of driving under the influence of an intoxicating beverage in violation of NRS 483.379(1). Pursuant to NRS 483.450(3), the court clerk sent the report of conviction to the Nevada Department of Motor Vehicles and Public Safety (DMV) on a DMV-issued form. The DMV included the information regarding the conviction in Binder’s record; however, the form did not ask for the vehicle registration number, and that information had not been entered thereon.
On December 19, 1986, Binder was convicted of a second offense of DUI. Again, pursuant to NRS 483.450(3), the court sent the record of conviction to the DMV on a DMV-issued form. The DMV included the information regarding the conviction in Binder’s record; however, the court clerk had failed to enter Binder’s driver’s license number as the form requested.[1]
On March 5, 1991, Binder was convicted of a third offense of DUI. Once again, pursuant to NRS 483.450(3), the court sent Binder’s record of conviction to the DMV on a DMV-issued form; in this instance, all information called for on the form had been provided.
Based on the three records of conviction it received, the DMV notified Binder that his driving privilege was being revoked pursuant to NRS 483.460(1).[2]
Binder then requested, and was granted, an administrative review before a DMV hearing officer. On July 29, 1991, the DUI-Adjudicator affirmed the order of revocation. The hearing officer *947 found all elements of proof were supported by substantial evidence, noting that “there was no evidence presented to show that the Department[’]s exhibit is not what it purports to be or that any information contained in that report is incorrect.”
On August 27, 1991, Binder petitioned the district court for judicial review. On June 29, 1992, the district court reversed the hearing officer’s decision and ordered the DMV to reinstate Binder’s driving privileges. The DMV appealed.

Standard of Review

“This court’s role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency’s decision was arbitrary or capricious and was thus an abuse of the agency’s discretion. This standard of review is codified in NRS 233B.135.” Brocas v. Mirage Hotel & Casino, 109 Nev. 579, 854 P.2d 862 (1993) (footnote). NRS 233B.135(3)(a) provides that the final decision of an administrative agency may be set aside or affirmed “in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is . . . [i]n violation of constitutional or statutory provisions.”
Where, as in this case, “[t]he order of the district court does not specify any reason for the reversal of the DMV’s order” and where “there is no transcript of the hearing before the district court in the record . . ., this court must necessarily speculate as to the reason for the reversal.” State, Dep’t of Mtr. Vehicles v. Ortega, 107 Nev. 853, 854, 821 P.2d 352, 353 (1991). Both parties agree on appeal that the district court reversed solely because the records of conviction relied upon by the DMV in revoking Binder’s driving privileges failed to comply with NRS 483.450(2).[3] The DMV correctly contends that reversal on that basis was error.
The DMV argues that NRS 483.450(2) is similar to NRS *948 483.450(3)[4] and should be given the same liberal construction that this court gave NRS 483.450(3) in Ortega, 107 Nev. at 855, 821 P.2d at 354.
In Ortega, the DMV revoked Ortega’s driving privileges because he had been convicted of driving with an alcohol level of 0.10 in his blood. 107 Nev. at 854, 821 P.2d at 353 (citing NRS 484.385(1)). The DMV argued on appeal that the district court reversed the DMV’s revocation order solely because the clerk of the municipal court failed to comply with the twenty-day time limit specified in 483.450(3). Id., 821 P.2d at 353. This court reversed and held:
The DMV’s ministerial duty to revoke drivers’ licenses does not depend on whether the court clerk timely transmits to the DMV a defendant’s record of conviction. It would create an unmanageable burden on the DMV to have a routine, ministerial function made dependent on the timely performance of a duty by scores of minor functionaries in court clerks’ offices across the state. The legislature could not have intended such a result, and such a result is not supported by either reason or statute. We conclude that the district court erred in determining that the timely transmission of the record of conviction was jurisdictional.
107 Nev. at 855, 821 P.2d at 354.
The issue in Ortega is analogous to the issue in this case; therefore, the reasoning this court applied in Ortega should be applied to this case as well: Just as it would create an unmanageable burden on the DMV to have the routine ministerial function of license revocation “made dependent on the timely performance of a duty by scores of minor functionaries in clerks’ offices across the state,” 107 Nev. at 855, 821 P.2d at 354 (emphasis added), so too would it create an unmanageable burden to have license revocation made otherwise dependent on the complete absence of inadvertent omissions of an insubstantial or non-prejudicial nature by the same minor functionaries.
*949 Binder, on the other hand, contends that NRS 483.450(2) is penal in nature and that, consequently, strict compliance with its terms is a prerequisite to the validity of a record of conviction. Binder’s contention is without merit.
First, NRS 483.450(2) neither describes a public offense, nor provides a penalty. See State v. Webster, 102 Nev. 450, 454, 726 P.2d 831, 833 (1986) (“A penal law is one which imposes a penalty for an offense of a public nature.”). Second, this court has consistently ruled that statutes within the license revocation scheme are not penal. For example, in Yohey v. State, Dep’t Motor Vehicles, this court stated that “[t]he objective of administrative revocation of a driver’s license under NRS 483.460 is not to impose additional punishment but to protect the unsuspecting public from irresponsible drivers.” 103 Nev. 584, 587, 747 P.2d 238, 240 (1987). In fact, this court has repeatedly given such statutes a liberal interpretation in order to promote the legislative intent of keeping irresponsible and dangerous drivers off the streets. See, e.g., State Dep’t of Mtr. Vehicles v. Kinkade, 107 Nev. 257, 259, 810 P.2d 1201, 1203 (1991) (“[I]mplied consent statute should be liberally construed so as to keep drunk drivers off the streets.”); State, Dep’t of Mtr. Vehicles v. Blair, 108 Nev. 172, 825 P.2d 1232 (1992) (“NRS 484.393 should be liberally construed to avoid an absurd result.”).
In conclusion, we hold that the legislature could not have intended that the mere imperfect performance of record-keeping duties by minor functionaries should divest the DMV of jurisdiction to revoke driving privileges; the purpose of NRS 483.450(2) is to promote a timely and uniform system of record keeping in regard to drunk driving convictions — not to create substantive rights for drunk drivers. Therefore, NRS 483.450(2) should be construed so as to reflect legislative intent to remove irresponsible and dangerous drivers from the streets.
Accordingly, we reverse the decision of the district court, and we remand this matter with instructions to reinstate the order of the DMV-Adjudicator revoking Binder’s driving privilege.

The clerk did provide Binder’s social security number — which is the same as his driver’s license number.

NRS 483.460(1) states, in pertinent part:
(1) Unless otherwise provided by statute, the department shall revoke the license, permit, or privilege of any driver upon receiving a record of his [her] conviction ....
(a) For a period of 3 years if the offense is:
(2) A third or subsequent violation within 7 years of NRS 484.379.

NRS 483.450(2) provides:
A record of conviction must be made in a manner approved by the department. The court shall provide sufficient information to allow the department to include accurately the information regarding the conviction in the driver’s record. The record of conviction from the court must include at least the name and address of the person convicted, the number of his driver’s license, his social security number, the registration number of the vehicle involved, the date the citation was issued or the arrest was made, the number of the citation and the date and final disposition of the citation.
(Emphasis added.)

NRS 483.450(3) provides:
Every court. . . having jurisdiction over violations of the provisions of NRS 483.010 to 483.630, inclusive, or any other law . . . regulating the operation of motor vehicles on highways, shall forward to the department:
(a) If the court is other than a juvenile court, a record of the conviction of any person in that court for a violation of any such laws other than regulations governing standing or parking ....
within 20 days after the conviction or finding, and may recommend the suspension of the driver’s license of the person convicted or child found in violation of a traffic law or ordinance.