THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, APPELLANT, *v.* TRACY LYNN TERRACIN, RESPONDENT.

No. 48598

THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, APPELLANT, *v.* MATTHEW CASEY, RESPONDENT.

No. 50049

January 29, 2009                                        199 P.3d 835

*Catherine Cortez Masto*, Attorney General, and *Binu G. Palal* and *Kimberly A. Buchanan*, Deputy Attorneys General, Carson City, for Appellant.

*Law Offices of John G. Watkins* and *John Glenn Watkins*, Las Vegas, for Respondents.

## OPINION

By the Court, DOUGLAS, J.:

NRS 483.460 provides for the mandatory revocation of a person's driver's license if that person has been convicted of driving under the influence of intoxicating liquor (DUI). The length of the revocation period depends on the particular subsection of NRS 483.460 under which the conviction falls. In this case, respondents' driver's licenses were revoked under NRS 483.460(1)(b)(5), which provides for a 1-year revocation period, because they previously had been convicted of DUIs. The 1-year revocation period was imposed even though respondents were most recently charged, convicted, and sentenced as first-time DUI offenders, which typically requires only a 90-day revocation period. Disagreeing that the statute required a 1-year revocation period under these circum-

stances, however, the district court granted respondents' petitions for judicial review. These appeals followed.

In these consolidated appeals, we consider whether NRS 483.460, as amended in 2005, bases the period of revocation on the number of DUI convictions within a 7-year period or on the level of punishment prescribed by NRS 484.3792. We conclude that the plain and unambiguous language of NRS 483.460 bases the period of revocation on the level of punishment prescribed by NRS 484.3792, and thus, we affirm the district court's orders granting judicial review and reducing the period of revocation of respondents' driver's licenses from 1 year to 90 days.

## FACTS AND PROCEDURAL HISTORY

These appeals have been consolidated because they each address the Nevada Department of Motor Vehicles' (DMV) concern regarding the interpretation of recently amended NRS 483.460(1).

In 2001, respondent Tracy Lynn Terracin was arrested and convicted of DUI. After receiving the record of Terracin's first DUI conviction, appellant DMV revoked her driver's license for 90 days under the former version of NRS 483.460(1)(c), which imposed upon the DMV a mandatory duty to revoke an individual's driving privileges "[f]or a period of 90 days, if the offense is a first violation within 7 years." 2003 Nev. Stat., ch. 206, § 365, at 1154-55.

Then, in 2005, shortly after the Legislature amended NRS 483.460(1), Terracin was again arrested for DUI. Despite this being her second DUI offense within a 7-year period, Terracin was charged, convicted, and sentenced as a first-time DUI offender under NRS 484.3792(1)(a). After receiving the record of Terracin's second DUI conviction, the DMV revoked her driving privileges for 1 year under the amended version of NRS 483.460(1)(b)(5), which imposes upon the DMV a mandatory duty to revoke an individual's driving privileges "[f]or a period of 1 year if the offense is . . . punishable pursuant to" NRS 484.3792(1)(b).

Similarly, in 2004, respondent Matthew Casey was arrested and convicted of DUI. Upon receiving the record of Casey's first DUI conviction, the DMV revoked his license for a period of 90 days under the former version of NRS 483.460(1)(c). Less than 2 years later, Casey was again arrested for driving under the influence. Following his second DUI offense, Casey was charged as a second-time DUI offender under NRS 484.3792(1)(b). However, this charge was later reduced, and Casey was convicted as a first-time DUI offender under NRS 484.3792(1)(a). After receiving the

record of Casey's second DUI conviction, the DMV revoked his driving privileges for 1 year pursuant to NRS 483.460(1)(b)(5).

*Review of revocation*

Respondents each requested an administrative hearing to review the 1-year revocation of their driving privileges. The DMV hearing officers upheld the 1-year revocations and concluded that the period of revocation under NRS 483.460(1) is based upon the number of DUI convictions within a 7-year period. Therefore, according to the hearing officers, respondents were subject to a 1-year revocation of their driving privileges because they had received two DUI convictions within a 7-year period.

Respondents then filed petitions for judicial review with the district court, arguing that the hearing officers improperly interpreted NRS 483.460(1). The district court granted respondents' petitions for judicial review and reduced the 1-year period of revocation to 90 days. In its orders, the district court concluded that NRS 483.460(1), as amended, bases the period of revocation not upon the number of DUI convictions within a 7-year period but upon the level of punishment prescribed by NRS 484.3792. Following their second DUI offenses, respondents were convicted as first-time DUI offenders under NRS 484.3792(1)(a). Under the amended version of NRS 483.460(1)(c), if the offense is punishable pursuant to NRS 484.3792(1)(a), the period of revocation is 90 days. Therefore, the district court found that respondents were subject to a 90-day revocation of their driving privileges and granted these petitions for judicial review. These appeals followed.

## DISCUSSION

The question before this court is purely one of statutory construction, namely, whether NRS 483.460(1) bases the period of revocation of an individual's driver's license on the number of DUI convictions within a 7-year period or on the level of punishment prescribed by NRS 484.3792. The construction of a statute is a question of law, which we review de novo, even in the administrative context. *State, Dep't of Mtr. Vehicles v. Lovett*, 110 Nev. 473, 476, 874 P.2d 1247, 1249 (1994). " 'When the language of a statute is plain' " and unambiguous, " 'its intention must be deduced from such language, and the court has no right to go beyond it.' " *Cirac v. Lander County*, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979) (quoting *State of Nevada v. Washoe County*, 6 Nev. 104, 107 (1870)).

NRS 483.460(1) imposes upon the DMV a mandatory duty to revoke an individual's driving privileges for a specified period of

time upon receiving a record of conviction for DUI. Before NRS 483.460 was amended to its current form, this court, in *Yohey v. State, Department of Motor Vehicles*, reviewed the statute and concluded that the period of revocation was clearly and unambiguously based upon the number of DUI convictions within a 7-year period. 103 Nev. 584, 586, 747 P.2d 238, 239 (1987). In that case, the driver had been convicted as a first-time DUI offender twice within a 7-year period. *Id.* at 585-86, 747 P.2d at 239. After receiving the record of the driver's second DUI conviction, the DMV revoked his driving privileges for 1 year. *Id.* at 586, 747 P.2d at 239. On appeal, this court affirmed the 1-year revocation of his driver's license because he had received two DUI convictions within a 7-year period. *Id.* at 587-88, 747 P.2d at 239-40.

Subsequent to our decision in *Yohey*, in 2005, the Legislature amended NRS 483.460. 2005 Nev. Stat., ch. 193, § 1, at 604-05. NRS 483.460 now reads, in pertinent part, as follows:

> 1. Except as otherwise provided by statute, the department shall revoke the license, permit or privilege of any driver upon receiving a record of his conviction . . . .
>
> (a) For a period of 3 years if the offense is:
>
> . . . .
>
> (2) A ~~[third or subsequent violation within 7 years]~~ **violation** of NRS 484.379 ~~[.]~~ **that is punishable as a felony pursuant to NRS 484.3792.**
>
> . . . .
>
> (b) For a period of 1 year if the offense is:
>
> . . . .
>
> (5) A ~~[second violation within 7 years]~~ **violation** of NRS 484.379 **that is punishable pursuant to paragraph (b) of subsection 1 of NRS 484.3792** . . . .
>
> . . . .
>
> (c) For a period of 90 days, if the offense is a ~~[first violation within 7 years]~~ **violation** of NRS 484.379 ~~[.]~~ **that is punishable pursuant to paragraph (a) of subsection 1 of NRS 484.3792.**

*Id.* (bold indicates language added and strikethrough indicates language removed). Thus, NRS 483.460 no longer bases the period of revocation on the number of DUI convictions within a 7-year period. Rather, the plain and unambiguous language of the statute, in its current form, bases the period of revocation on the level of punishment prescribed by NRS 484.3792. NRS 484.3792, in turn, provides a graduated penalty scheme for repeat DUI offenders.

Under NRS 483.460(1) and the graduated penalty provisions of NRS 484.3792, the DMV must revoke an individual's driving

privileges for 90 days if the driver is punishable as a first-time DUI offender pursuant to NRS 484.3792(1)(a). *See* NRS 483.460(1)(c). If the driver is punishable as a second-time DUI offender under NRS 484.3792(1)(b), the DMV must revoke the individual's driver's license for a period of 1 year. *See* NRS 483.460(1)(b)(5). Finally, if the driver is punishable pursuant to a felony under NRS 484.3792, the DMV must revoke the individual's driver's license for a period of 3 years. *See* NRS 483.460(1)(a)(2).

Regarding these matters, Terracin was arrested for her first DUI offense in 2001. Then, in 2005, Terracin was again arrested for DUI. As this was Terracin's second DUI offense within a 7-year period, Terracin could have been charged as a second-time DUI offender under NRS 484.3792(1)(b). However, Terracin was charged, convicted, and sentenced as a first-time DUI offender under NRS 484.3792(1)(a).

Likewise, Casey was arrested for DUI in 2004. Then, approximately 1½ years later, Casey was again arrested for DUI. Since this was Casey's second DUI offense within a 7-year period, Casey was charged as a second-time DUI offender under NRS 484.3792(1)(b). However, this charge was later reduced to a first-time DUI offense under NRS 484.3792(1)(a). Casey was subsequently convicted and sentenced as a first-time DUI offender under NRS 484.3792(1)(a).

In each of these cases, respondents were convicted as first-time DUI offenders under NRS 484.3792(1)(a). Therefore, respondents were punishable pursuant to NRS 484.3792(1)(a). The mandatory period of revocation under NRS 483.460(1)(c), following a violation that is punishable pursuant to NRS 484.3792(1)(a), is 90 days. *See* NRS 483.460(1)(c). Accordingly, as the Legislature has clearly set forth the period for which a license must be revoked for a DUI in terms of punishability, we conclude that it was improper for the DMV to revoke respondents' driving privileges for 1 year.

## CONCLUSION

Upon receiving records of conviction, the DMV must first determine whether the DUI offenders were punishable pursuant to NRS 484.3792(1)(a), (b), or (c). Then, the DMV must apply the level of punishment under NRS 484.3792(1) to the corresponding period of revocation under NRS 483.460(1).

Here, respondents were punishable pursuant to NRS 484.3792(1)(a). The period of revocation under NRS 483.460(1)(c), following a DUI violation that is punishable pursuant to NRS 484.3792(1)(a), is 90 days. Therefore, the DMV was required to revoke respondents' driving privileges for a period of

90 days. For the foregoing reasons, we affirm the district court's orders granting judicial review.

HARDESTY, C.J., PARRAGUIRRE, CHERRY, SAITTA, and GIBBONS, JJ., concur.