EDWARD JOHN PFOHLMAN, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 22220

August 27, 1991                                      816 P.2d 450

*Terri Steik Roeser,* State Public Defender and *Janet S. Besse-mer,* Deputy, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney and *Robert J. Lowe,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction for driving under the influence of alcohol, third offense. Appellant was sentenced to a term of two years in the Nevada State Prison and fined two thousand dollars.

On September 14, 1990, the state filed in the district court a criminal complaint charging appellant with driving under the influence of alcohol, third offense. On February 19, 1991, appellant entered into a negotiated plea agreement with the state. On April 11, 1991, the state filed in the district court a motion to admit a DUI conviction obtained against appellant on January 17, 1984. In that motion, the state noted that the January 17, 1984, conviction was based on an occurrence of DUI on July 20, 1983. The state acknowledged that this occurrence was more than seven years before the occurrence of DUI involved in this case. Nevertheless, the state argued that because the date of conviction was within seven years of the instant offense, the 1984 conviction should be used to enhance appellant's sentence to a felony.[1] Appellant was convicted and sentenced as noted above. This appeal followed.

Appellant contends that the district court erred in determining that a DUI offense occurring more than seven years prior to the current offense, but for which the date of conviction is within seven years of the current offense, can be used for enhancement purposes. We agree.

NRS 484.3792(2) provides:

> Any offense which occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of this section when evidenced by a conviction, without regard to the sequence of the offenses and convictions. The facts concerning a prior offense must be alleged in the

---

[1]The other prior offense is not at issue in this case.

complaint, indictment or information, must not be read to the jury or proved at trial but must be proved at the time of sentencing and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination or presented to the grand jury.

The clear, unambiguous language of the statute refers to occurrences rather than convictions. If the prior offense occurred more than seven years before the current offense occurred, then that prior offense may not be used to enhance the punishment for the current offense. No other construction of the statute is even arguably tenable. The state's argument to the contrary, putatively relying on legislative intent, lacks merit.

Accordingly, we reverse appellant's judgment of conviction and remand this matter for further proceedings.