*1087
 
 OPINION
 

 Per Curiam:
 

 A jury determined that appellant was guilty of driving under the influence of alcohol. Thereafter, the district court conducted a sentencing hearing. The state neglected to introduce evidence of appellant’s prior DUI convictions at the sentencing hearing. On January 6, 1992, the district court entered the judgment of conviction. The district court concluded that the instant DUI offense was appellant’s third DUI offense, and accordingly sentenced appellant to serve a term of one year in the Nevada State Prison and ordered appellant to pay a fine of $2,000. Appellant filed her notice of appeal on January 10, 1992. On that same date, the state filed an “introduction of certified copies of defendant’s prior convictions and affidavit in support thereof’ in the district court. In the affidavit, the state indicated that it failed to introduce evidence of appellant’s prior convictions and was unsure of the proper procedure for introducing the evidence.
 

 On January 16, 1992, the district court conducted a “sentencing/admittance of evidence” hearing. The district court acknowledged that the notice of appeal had been filed. Appellant admitted that the documents were sufficient to prove that she had two prior DUI convictions. However, appellant objected to their introduction, arguing that NRS 484.3792 requires that prior convictions be proved at the time of sentencing. The district court responded as follows:
 

 And the Court was in error. The Court should not have [sentenced the Defendant without the priors being proven.] The Court sensed that and the Court is in error. What we have done is — I’m directing the Prosecutor to bring forth the evidence. If the evidence is here, the evidence is here. We’re calling it form over substance in its worst scenario. ... I am going to find that I have the jurisdiction to realize and recognize those documents. I re-impose sentence, nunc pro tunc, exactly as imposed before. After I have now made a
 
 *1088
 
 finding that the documents are valid, they are in evidence. The case will be litigated in the Supreme Court.
 
 [1]
 

 This appeal followed. Appellant’s attorney has erroneously filed an affidavit of no merit appeal.
 

 Appellant first contends that she was denied her right to counsel because the police officer who arrested appellant did not contact appellant’s attorney so as to arrange independent chemical testing of appellant’s blood. Appellant’s contention lacks merit. A person who is arrested for DUI does not have the right to speak to an attorney prior to submitting to chemical tests as required by the implied consent laws. McCharles v. State, Dep’t of Mtr. Vehicles, 99 Nev. 831, 673 P.2d 488 (1983). Appellant did not inform the police that she desired independent testing. Without such a request, the police are not obligated to facilitate independent testing. Schroeder v. State, Dep’t of Motor Vehicles, 105 Nev. 179, 772 P.2d 1278 (1989).
 

 The next issue presented concerns the evidence of appellant’s prior convictions.
 
 [2]
 
 The district court conducted the second sentencing hearing after the notice of appeal was filed. The state
 
 *1089
 
 concedes that this was error. A timely notice of appeal divests the district court of jurisdiction to act and vests jurisdiction in this court.
 
 See
 
 Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987). The district court lacked jurisdiction to conduct the second sentencing hearing. The state acknowledges that the “reimposed sentence appears to be a nullity.” Accordingly, the state submits that this court should vacate appellant’s sentence and remand this matter for a third sentencing hearing. Appellant contends that the district court lacks jurisdiction to conduct a second, or third, sentencing hearing for third offense DUI where the state failed to present sufficient evidence of her prior offenses during the first sentencing hearing. We agree that the district court may not conduct another sentencing hearing for the purpose of convicting appellant of a third offense DUI.
 

 The state acknowledges that it failed to present the necessary proof of appellant’s prior convictions at the first sentencing hearing. Further, the state acknowledges that the validity of prior convictions is a legal status to which a defendant may not stipulate and must be determined by the district court as a matter of law.
 
 See
 
 Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990). NRS 484.3792(2) (emphasis added) provides:
 

 Any offense which occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of this section when evidenced by a conviction, without regard to the sequence of the offenses and convictions.
 
 The facts concerning a prior offense must be alleged in the complaint, indictment or information, must not be read to the jury or proved at trial but must be proved at the time of sentencing
 
 and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination or presented to the grand jury.
 

 NRS 484.3792(2) requires the state to present its proof of the prior offenses at the sentencing hearing. If the state fails to do so, it is precluded from presentation of evidence concerning those prior offenses at any subsequent sentencing hearing involving the instant offense. There is no statutory mechanism which permits the district court to conduct a second sentencing hearing for the purpose of receiving evidence which the state neglected to present during the first sentencing hearing. Accordingly, we reverse the judgment of conviction and remand this matter to the district court with instructions that the district court sentence appellant for driving under the influence, first offense.
 

 [1]
 

 We note that the district court stated that the second judgment of conviction was entered “nunc pro tunc.” The district court has misapplied this doctrine. “The object and purpose of a nunc pro tunc order is to make a record speak the truth concerning acts done. . . . [A]n order nunc pro tunc cannot be made use of nor resorted to, to supply omitted action. Power to order the entry of judgment nunc pro tunc cannot be used for the purpose of correcting judicial errors or omissions of the court. Nor can this procedure be employed to change the judgment actually rendered to one which the court neither rendered nor intended to render.” Finley v. Finley, 65 Nev. 113, 118, 189 P.2d 334, 337 (1948),
 
 overruled on other grounds,
 
 Day v. Day, 80 Nev. 386, 395 P.2d 321 (1964). In this case, the district court was not correcting a clerical error. Rather, the district court attempted to receive evidence which the state neglected to introduce at the first sentencing hearing. The district court’s order did not “make the record speak the truth concerning acts done” at the first sentencing hearing.
 

 [2]
 

 Initially, appellant’s only argument on appeal was whether appellant was denied the right to counsel prior to submitting to chemical tests. Upon this court’s review of the record on appeal, it became apparent that there were irregularities at the sentencing hearing. Specifically, although no evidence of appellant’s prior convictions was introduced at the first sentencing hearing, the district court sentenced appellant for third offense DUI. Further, the second sentencing hearing was conducted after the notice of appeal was filed. Accordingly, on February 12, 1993, this court ordered appellant and the state to file supplemental briefing specifically addressing the application of due process principles and double jeopardy principles to this case.
 

 Counsels’ supplemental briefs are woefully inadequate and failed to address the specific issues as ordered by this court. Counsel are admonished for their failure to competently address the issues.