*1278
 
 OPINION
 

 Per Curiam:
 

 On January 10, 1994, the State filed a criminal complaint charging David Phipps with one count of driving under the influence of intoxicating liquor (“DUI”), third offense, a felony as defined by NRS 484.3792(l)(c).
 
 [1]
 
 The complaint alleged that Phipps had two prior DUI convictions in the past seven years.
 
 [2]
 

 At the preliminary hearing, the court, citing Pfohlman v. State, 107 Nev. 552, 554, 816 P.2d 450-51 (1991), determined that one of the prior convictions could not be considered for enhancement purposes because the offense on which the conviction was based took place over seven years ago.
 
 [3]
 
 In its place, the State offered a certified driver’s license record from Ohio which showed three DUIs, and the court admitted them. The court orally granted the State’s motion to amend the complaint to include the three DUI convictions and to strike the prior California conviction which could not be considered for enhancement purposes under
 
 Pfohlman.
 

 The State subsequently filed an information which simply reiterated the information in the complaint and did not include the three DUIs which the State had orally amended to the complaint. Phipps entered a guilty plea to the instant DUI charge.
 

 At sentencing, the State introduced evidence to prove the Morrow County, Ohio offense (which was contained in the original complaint), and evidence to prove a Crawford County, Ohio offense. The Crawford County conviction was among those in the Ohio certified driver’s license record, but was not alleged in either the complaint or the information, and did not contain the date of the underlying offense. Phipps did not object to the admission of this conviction. The district court, using these two exhibits to enhance the instant offense to a felony, sentenced Phipps to serve three years in prison.
 

 
 *1279
 
 On appeal, Phipps argues that the State failed to plead one of the convictions used to enhance his sentence in either the complaint or the information as required by statute. Phipps also argues that the evidence presented to the district court to enhance his sentence did not contain the date of the offense as required by statute. After careful review, we are persuaded by the legal merits of Phipps’ arguments. We therefore reverse the conviction and remand the case with instructions to resentence Phipps as a second-time DUI offender.
 

 Phipps argues that the State’s failure to allege the Crawford County offense in the complaint or in the information pursuant to NRS 484.3792(2) violated his due process rights such that he must be resentenced without reference to that offense. The State argues that its failure to amend the information does not prejudice Phipps because Phipps was aware that the State orally amended the complaint at the preliminary hearing.
 

 We hold that the State had the obligation to allege facts concerning the Crawford County, Ohio conviction in either the complaint or the information pursuant to NRS 484.3792(2).
 
 [4]
 
 The State did not meet its obligation because it failed to allege the facts concerning the Crawford County offense in either the complaint or the information.
 

 While the State did orally amend the complaint at the preliminary hearing, we hold that the oral amendment is invalid. Oral amendments to a complaint or information have been permitted where they are detailed and specific and are eventually memorialized. State v. Sanford, 830 P.2d 14, 21 (Kan. 1992) (where oral amendment to original kidnapping charge was followed by amended written information charging aggravated kidnapping, the written information controls over earlier oral amendment). In this case, the oral amendment to the complaint to add the prior offenses was never memorialized. In fact, the subsequently filed information alleged an incorrect prior offense.
 
 [5]
 
 Because the infor
 
 *1280
 
 mation is the operative document under
 
 Sanford
 
 and it contains an invalid prior offense, we conclude that the district court improperly enhanced the instant offense to a felony under an information referencing the invalid prior offense.
 

 Although this ground standing alone is sufficient to reverse the conviction and remand for resentencing, we will nevertheless address the other issue raised in this appeal: whether a prior conviction may be used for enhancement purposes where the documentation does not contain the date of the offense. We hold that it may not.
 

 Phipps argues that the State failed to prove that the Crawford County offense occurred within seven years prior to the instant offense as required by NRS 484.3792(2). Specifically, Phipps asserts that the date of the offense is not discernable from the Ohio Municipal Court documents. Because the statute requires that the date of the
 
 offense
 
 be proven, Phipps argues that the Crawford County offense was improperly used for enhancement purposes and that he must be resentenced as a second-time offender. The State argues that Phipps’ failure to object below to admission of the Crawford County offense bars him from raising this issue before this court.
 

 Admittedly, Phipps failed to object to admission of the Crawford County offense at sentencing. Failure to object below generally bars review on appeal. Emmons v. State, 107 Nev. 53, 61, 807 P.2d 718, 723 (1991) (citing McCullough v. State, 99 Nev. 72, 74, 657 P.2d 1157, 1158 (1983)). However, this court may address constitutional issues raised for the first time on appeal.
 
 Id.
 
 Here, Phipps’ due process rights are implicated because the State failed to prove that one of the prior offenses fell within the seven-year time period. “Due process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt.” People v. Tenner, 862 P.2d 840, 845 (Cal. 1993).
 

 NRS 484.3792(2) requires that “[a]ny offense which occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of this section when evidenced by a conviction, without regard to the sequence of the offenses and convictions.” In Pfohlman v. State, 107 Nev. 552, 554, 816 P.2d 450, 450-51 (1991), this court held that the offense, not the conviction, must occur within seven years to be used to enhance the punishment for the current offense. In Robertson v. State, 109 Nev. 1086, 1089, 863 P.2d 1040, 1042 (1993), this court held that the State’s
 
 *1281
 
 failure to present proof of the prior offenses at the sentencing hearing warranted reversal of the judgment of conviction. In
 
 Robertson,
 
 the State failed to introduce
 
 any
 
 evidence of prior DUI convictions at the sentencing hearing, whereas in the instant case, the State only neglected to introduce the date of one of the prior offenses. Nevertheless, we hold that where the State failed to present evidence that the Crawford County offense occurred within seven years, the district court erred in using that offense as an enhancement.
 
 [6]
 

 For the reasons discussed above, we reverse Phipps’ conviction and remand for further proceedings consistent with this opinion.
 

 [1]
 

 NRS 484.3792(l)(c) provides in pertinent part:
 

 Any person who violates the provisions of NRS 484.379:
 

 For a third or subsequent offense within 7 years, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years and must be further punished by a fine of not less than $2,000 nor more than $5,000.
 

 [2]
 

 The State alleged that the prior offenses took place on or about June 15, 1987, in Butte County, California, and on or about January 14, 1993, in Mt. Gilead, Ohio (Morrow County).
 

 [3]
 

 Under
 
 Pfohlman,
 
 a prior conviction is only admissible for enhancement purposes if the offense occurred within seven years of the instant offense.
 

 [4]
 

 The statute provides, in part, as follows:
 

 The facts concerning a prior offense must be alleged in the complaint, indictment or information, . .
 
 . must be proved at the time of sentencing and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination.
 

 (Emphasis added.)
 

 [5]
 

 In Dressier v. State, 107 Nev. 686, 689, 819 P.2d 1288, 1290 (1991), this court held that an information was sufficient for enhancement purposes even though it alleged the wrong county in which the offense took place. This court determined that Dressier did not suffer any prejudice since the offense had the proper county name when it was introduced at the preliminary hearing.
 
 Id.
 
 However,
 
 Dressier
 
 is distinguishable because there the State only alleged the wrong county in which the offense occurred; in the instant case, the State alleged an entirely different prior offense.
 

 [6]
 

 We note, however, that the district court might have been able to infer from the face of the Crawford County judgment of conviction that the offense took place no more than seven years prior to the date of the instant offense. The instant offense occurred on January 5, 1994. The Crawford County judgment of conviction shows that a complaint was filed against Phipps on May 7, 1990, for operating a motor vehicle while under the influence of alcohol/drugs, and that Phipps pleaded guilty on July 30, 1990, to that charge. However, the State presented no evidence of the statute of limitations in Ohio from which the district court could conclude that the offense had to have occurred within seven years of the instant offense.