THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, v. JENNIFER JEAN PAUL, Respondent.

No. 26846

THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, v. TITO MARTINEZ a/k/a HERMOGENES MARTINEZ-DIAZ, Respondent.

No. 26960

April 24, 1997                    936 P.2d 834

*Frankie Sue Del Papa,* Attorney General, *Bridget A. Branigan, Laurel A. Duffy,* and *Matthew T. Dushoff,* Deputy Attorneys General, Carson City, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent Jennifer Jean Paul.

*Eva Garcia-Mendoza* and *Elena Martinez,* Las Vegas, for Respondent Tito Martinez.

## OPINION

*Per Curiam:*

Respondents were arrested and convicted for drunk driving on multiple occasions. Respondent Paul was arrested on June 4,

1985, March 17, 1988, and January 1, 1992, and was convicted of DUI under NRS 484.379[1] on November 1, 1985, August 9, 1988, and May 6, 1993, respectively. Respondent Martinez was arrested on May 8, 1986, and March 3, 1993, and was convicted of DUI under NRS 484.379 on May 29, 1986, and November 22, 1993. After receiving the record of Paul's third conviction and Martinez's second conviction, the Department of Motor Vehicles ("DMV") revoked Paul's driver's license for a period of three years pursuant to NRS 483.460(1)(a)(2) and Martinez's driver's license for a period of one year pursuant to NRS 483.460(1)(b)(5).[2] On appeal, hearing officers upheld the license revocations. The district court subsequently granted respondents' petitions for judicial review and reversed the revocation of respondents' licenses. In its orders, the district court concluded that the revocations were improper because respondents' *convictions* for their drunk driving offenses (on which their license revocations were based) did not fall within the seven-year period articulated in NRS 483.460. These appeals followed.

The DMV contends that the district court erred in concluding that the revocation of a driver's license for drunk driving incidents within the seven-year period articulated in NRS 483.460(1) is based on the dates of the convictions, not upon the dates of the underlying violations of NRS 484.379. NRS 483.460(1) provides that upon receiving a record of a driver's conviction, the DMV must revoke his or her driver's license for a period of one year if

[1]NRS 484.379 provides in pertinent part:
  1. It is unlawful for any person who:
  (a) Is under the influence of intoxicating liquor;
  (b) Has 0.10 percent or more by weight of alcohol in his blood; or
  (c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have 0.10 percent or more by weight of alcohol in his blood,
  to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

[2]NRS 483.460 provides in pertinent part:
  1. Except as otherwise provided by statute, the department shall revoke the license, permit or privilege of any driver upon receiving a record of his conviction of any of the following offenses, when that conviction has become final, and the driver is not eligible for a license, permit or privilege to drive for the period indicated:
  (a) For a period of 3 years if the offense is:
  . . . .
    (2) A third or subsequent *violation* within 7 years of NRS 484.379.
  (b) For a period of 1 year if the offense is:
  . . . .
    (5) A second *violation* within 7 years of NRS 484.379 and the driver is not eligible for a restricted license during any of that period.
  (Emphasis added.)

the offense is "[a] second *violation* within 7 years of NRS 484.379," and for a period of three years if the offense is "[a] third or subsequent *violation* within 7 years of NRS 484.379." (Emphasis added.) Under the plain language of the statute, therefore, the revocation of a driver's license is based on the number of drunk driving *violations* within seven years, regardless of the dates of the convictions for those violations. *See* Phipps v. State, 111 Nev. 1276, 1280, 903 P.2d 820, 823 (1995) (concluding that state must prove that prior offenses fall within seven-year period to enhance punishment for DUI under NRS 484.3792); Pfohlman v. State, 107 Nev. 552, 554, 816 P.2d 450, 450-51 (1991) (ruling that offenses, not convictions, must occur within seven-year period to enhance punishment under NRS 484.3792).

The purpose of NRS 483.460 is to protect the public from irresponsible drivers, not to reward drunk drivers for delayed convictions. Yohey v. State, Dep't Motor Vehicles, 103 Nev. 584, 587, 747 P.2d 238, 240 (1987). In *Yohey,* we stated that one of the factors for revocation of a driver's license for one year under NRS 483.460(1)(b)(5) was that the records received by the DMV show that the driver "was *convicted* twice within seven years." *Id.* at 586, 747 P.2d at 239 (emphasis added). It appears, therefore, that the district court was understandably misled by our language in that opinion. Although we implicitly recognized in *Yohey* that violations of NRS 484.379 do not give rise to license revocation unless they result in convictions, *Yohey* did not address the issue presented in these appeals or whether the seven-year period articulated in NRS 483.460 is measured by the dates of the offenses or the dates of the subsequent convictions. Instead, *Yohey* resolved the issue of whether a justice's court's treatment of a second conviction as a first offense was binding on the DMV in a subsequent administrative revocation proceeding. Accordingly, our discussion in *Yohey* was not intended to prevail over the plain language of NRS 483.460(1) and is not dispositive of the issue raised in these appeals.

We conclude that the revocation of a driver's license pursuant to NRS 483.460(1) is based on the dates of a driver's *violations* of NRS 484.379 within a seven-year period, not upon the dates of the resulting convictions. Thus, we conclude that the district court erred in granting respondents' petitions and reversing the revocations of their drivers' licenses. Accordingly, we reverse the orders granting respondents' petitions and remand these cases to the district court with instructions to reinstate the administrative revocation of respondents' drivers' licenses pursuant to NRS 483.460(1)(a)(2) and (1)(b)(5).