OPINION
 

 Per Curiam:
 

 Appellant was convicted, pursuant to a guilty plea, of one count of felony driving under the influence. On direct appeal, appellant argued that one of his prior convictions should have been stricken as constitutionally invalid. Appellant also argued that his case should be remanded to the district court for re-sentencing as a second-offense DUI because the state failed to prove two prior convictions at sentencing. This court dismissed the appeal, noting that the district court had conducted an extensive hearing as to the
 
 *33
 
 constitutional validity of the prior convictions, and that the convictions had been entered into evidence prior to the sentencing hearing. Further, this court concluded that the district court did not err in finding that the prior convictions were valid for enhancement purposes.
 

 Appellant thereafter filed a timely petition for rehearing contending that this court had overlooked authority controlling a dis-positive issue in this case. Specifically, appellant argued that NRS 484.3792(2)
 
 [1]
 
 and two previous decisions of this court require that the state present evidence of prior convictions at sentencing.
 
 See
 
 Phipps v. State, 111 Nev. 1276, 903 P.2d 820 (1995); Robertson v. State, 109 Nev. 1086, 863 P.2d 1040 (1993). This court denied rehearing, noting that the issue had already been presented to the court and could not be reargued on rehearing. NRAP 40(c)(1). The order denying rehearing further noted that the prior offenses had been entered into evidence and determined to be constitutionally valid prior to sentencing. Appellant then filed this timely petition for en banc reconsideration.
 

 NRAP 40A(a) provides: “En banc reconsideration of a panel decision is not favored and ordinarily will not be ordered except when (1) reconsideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) the proceeding involves a substantial precedential, constitutional or public policy issue.” We conclude, however, that we should take this opportunity to clarify our decision in Robertson.
 
 [2]
 

 Appellant contends that this court’s decision in
 
 Robertson
 
 requires that the prior convictions must only be proven at the sentencing hearing. In
 
 Robertson,
 
 this court held that if the state failed to present evidence concerning prior convictions at the sentencing hearing, “[the state] is precluded from presentation of evidence concerning those prior offenses at any
 
 subsequent
 
 sentencing hearing involving the instant offense.” 109 Nev. at 1089, 863 P.2d at 1042 (emphasis added). Nothing in
 
 Robertson
 
 prohibits the state from proving the prior convictions at some time prior to the sentencing hearing. Further, we do not read NRS
 
 *34
 
 484.3792(2) so narrowly as to require that the prior convictions must only be proven at the actual sentencing hearing.
 
 [3]
 
 As previously noted, in the instant case, the district court conducted a hearing prior to sentencing and considered the constitutional validity of the prior convictions. The convictions had been proven at the time of sentencing. Thus, the requirements of NRS 484.3792(2) had been satisfied.
 
 [4]
 

 Appellant has failed to demonstrate that en banc reconsideration is warranted in this appeal, and the petition is therefore denied.
 
 [5]
 

 [1]
 

 NRS 484.3792(2) provides, in part: “The facts concerning a prior offense must be alleged in the complaint, indictment or information, must not be read to the jury or proved at trial but must be proved at the time of sentencing
 

 [2]
 

 To the extent that appellant argues that he should be allowed to attack his prior convictions collaterally, we conclude that reconsideration is not warranted. On January 7, 2000, appellant submitted a memorandum of supplemental authorities. On January 13, 2000, appellant filed a motion requesting permission to file the supplemental argument and authorities. Cause appearing, we grant the motion and we direct the clerk of this court to file the supplemental authorities and argument submitted on January 7, 2000. Further, we conclude that appellant’s supplemental argument is without merit.
 

 [3]
 

 Of course, the facts concerning the prior offenses must not be read to the jury or proved to the jury at trial.
 

 [4]
 

 Appellant also cites this court’s decision in
 
 Phipps
 
 in support of his argument.
 
 Phipps
 
 is inapposite to the instant case. In
 
 Phipps,
 
 the state filed an information that alleged two prior DUI convictions. The justice court had determined that one of those convictions had occurred over seven years prior, and was therefore not legally sufficient for enhancement purposes. At the sentencing hearing, the state attempted to prove a conviction that had not been alleged in the information. The failure to allege the conviction in either the complaint or information is a clear violation of NRS 484.3792(2), which requires that the facts concerning the prior offenses must be alleged in the complaint or information. There is nothing in
 
 Phipps
 
 to preclude the proving of a prior conviction at a hearing prior to the sentencing hearing.
 

 [5]
 

 On November 29, 1999, appellant filed a motion to stay issuance of remittitur in this appeal. In light of this decision, the motion is denied as moot.