An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT CLARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65199 **FILED**

DEC 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING FOR THE LIMITED PURPOSE OF ENTERING A THIRD AMENDED JUDGMENT OF CONVICTION

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of home invasion and burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

The State charged appellant Robert Clark by way of information with home invasion and burglary and a jury convicted him of both charges. The district court sentenced Clark as a habitual criminal and ordered that he serve 5 to 15 years. Clark challenges the following on appeal: (1) the district court's instructions to the jury, (2) the sufficiency of the State's evidence, (3) the court's habitual criminal adjudication, and (4) the district court's jurisdiction to file two amended judgments of conviction following entry of the notice of appeal.

*Jury instructions*

Clark requested that the district court instruct the jury that if it relies upon circumstantial evidence instead of direct evidence to convict him, it "must be convinced that the only reasonable conclusion supported by the . . . evidence is that the Defendant is guilty." The court sustained the State's objection and said it would instruct the jury on reasonable doubt according to Nevada law.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-40078

Clark claims that the district court abused its discretion when it refused to provide his proposed jury instruction because the court believed the instruction was not supported by Nevada law. He asserts that the instruction is supported by *Bails v. State*, 92 Nev. 95, 96-97, 545 P.2d 1155, 1155-56 (1976), which permits the district court to allow such an instruction. The State asserts that the court properly instructed the jury on reasonable doubt, so the court had the discretion to reject the proposed instruction.

"'The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error.'" *Rose v. State*, 127 Nev. 494, 500, 255 P.3d 291, 295 (2011) (quoting *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582 585 (2005)). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

In *Bails*, the defendant was charged with first-degree murder. 92 Nev. at 96, 545 P.2d at 1155. The only evidence against him was circumstantial. *Id.* He requested a specific jury instruction on reasonable doubt, but the district court rejected Bails's specific instruction. *Id.* at 96-97, 545 P.2d at 1155-56. This court affirmed the district court's decision and explained that the district court does not err when it "refuse[s] to give the instruction if the jury is properly instructed regarding reasonable doubt." *Id.* at 97, 545 P.2d at 1156. However, this court also clarified that the district court had the discretion to issue such an instruction. *Id.*

In the instant case, the district court did not abuse its discretion by rejecting Clark's proposed instruction. Although the district court *could have* issued the instruction, it was not *required* to do so

because it properly instructed the jury on reasonable doubt. The court's mistaken belief that the instruction was not supported by Nevada law is of no import. The district court correctly concluded that instruction need not be given, even if it did so, at least in part, based on the incorrect belief that the instruction was not supported by Nevada law. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").[1]

*Sufficiency of the evidence*

Clark next argues that the State did not present any direct evidence that he committed the crimes charged and that it solely relied upon circumstantial evidence. He claims that the State also did not present any evidence that he entered the victim's apartment, only that he was outside the apartment and that he carried a pole. The State concedes that it used circumstantial evidence to prove Clark's guilt, but it argues that Nevada law permits this reliance.

In reviewing the sufficiency of the evidence, this court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (internal quotation

---

[1]Clark secondarily argues that this court should adopt the Indiana rule articulated in *Robey v. State*, 454 N.E.2d 1221, 1222 (Ind. 1983), *abrogated by McCowan v. State*, 27 N.E.3d 760 (2015), and require that such an instruction be given when requested. This argument is also unpersuasive because the Nevada Legislature has codified the precise instruction that the trial courts must provide for reasonable doubt. *See* NRS 175.211.

marks omitted). "This court will not reweigh the evidence or evaluate the credibility of witnesses." *Id.* "[I]t is the jury's function . . . to assess the weight of the evidence and . . . credibility of witnesses." *Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (internal quotations omitted) (alteration in original). Moreover, a jury may rely on circumstantial evidence. *Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980).

To convict a defendant of home invasion, the State must prove that the defendant (1) "forcibly enter[ed]," (2) "an inhabited dwelling," (3) "without permission of the owner, resident or lawful occupant." NRS 205.067(1). A person "forcibly enters" when he or she enters through "any act of physical force resulting in damage to the structure." NRS 205.067(5)(a). An "inhabited dwelling" is "any structure . . . in which the owner or other lawful occupant resides." NRS 205.067(5)(b).

First, police officers testified at trial that force was used to gain entry to the apartment and the victim described the window as being "completely trashed." Trial testimony also revealed that Clark (or a person for whom he is vicariously liable[2]) was the person who entered the apartment. Second, the victim testified that he lived with his daughter in the apartment where the crime occurred. Lastly, the victim testified that he did not give anyone permission to be in his apartment at the time the crime occurred and that he did not give anyone permission to take his

---

[2]At trial, a witness testified that during the later evening hours of April 26, 2013, she saw Clark and another man, who also resided in the complex, on the balcony of the apartment where the victim resided. She also testified that she contacted the police because she believed that Clark and his associate were breaking into the victim's apartment.

DVD player. Therefore, the State presented sufficient evidence to prove home invasion.

To convict a defendant of burglary, the State must prove that the defendant (1) "enter[ed] any house, room, apartment," etc., (2) "with, [ *inter alia*], the intent to commit grand or petit larceny." NRS 205.060(1). The jury may determine the defendant's intent based upon his or her actions. NRS 205.065.

The same trial testimony that demonstrates that Clark or someone for whom he is vicariously liable forcibly entered the victim's residence for the home invasion charge also demonstrates that Clark or someone for whom he is vicariously liable entered the victim's apartment to commit burglary. Additionally, a police detective testified that he recovered the victim's DVD player from the apartment where Clark lived. Because the victim's property was stolen and one item of property was recovered from Clark's residence, the jury can infer that Clark or someone for whom he is vicariously liable entered the victim's apartment with the intent to commit larceny. Therefore, the State presented sufficient evidence to prove burglary.

*Habitual criminal adjudication*

At the sentencing hearing, the State presented certified prior judgments of conviction against Clark for being under the influence of a controlled substance, coercion, larceny from the person, and two convictions for possession of a controlled substance with intent to sell. After testimony and argument, the court announced that it was sentencing Clark under the small habitual criminal statute and sentenced him to 5 to 15 years.

Clark contends that his prior convictions do not justify adjudication as a habitual criminal because three of his five felony convictions were for stale, non-violent, drug offenses. He also contends that the court merely adjudicated him to be a habitual criminal because he had the necessary number of prior convictions. The State argues that the district court appropriately sentenced Clark under the small habitual criminal statute because Clark's criminal history was extensive.[3]

This court has indicated that "[o]ur habitual criminality statute exists to enable the criminal justice system to deal determinedly with career criminals who pose a serious threat to public safety." *Sessions v. State*, 106 Nev. 186, 191, 789 P.2d 1242, 1245 (1990). Adjudication of a defendant as a habitual criminal is "subject to *the broadest kind of judicial discretion.*" *Tanksley v. State*, 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997) (internal quotations omitted).

In determining whether habitual criminal adjudication is proper, "[t]his court looks to the record as a whole to determine whether the sentencing court actually exercised its discretion." *O'Neill v. State,*

_____

[3]Whether the court's adjudication of Clark as a habitual criminal is properly before this court on appeal is disputed. The court filed its amended judgment of conviction, in which it memorialized that it sentenced Clark under the small habitual criminal statute, on June 5, 2014. Clark's notice of appeal states that he intended to appeal the district court's February 20, 2014 judgment–the original judgment of conviction–which does not reference adjudication as a habitual criminal. Clark did not file a notice of appeal for the amended judgment of conviction or second amended judgment of conviction in which the habitual criminal adjudication, announced at the sentencing hearing, is recorded. *See* NRAP 3(a)(1)-(2). To promote judicial economy, we will address the merits of Clark's arguments while still noting that we could dispose of this issue on procedural grounds.

123 Nev. 9, 16, 153 P.3d 38, 43 (2007) (internal quotations omitted). So long as "the sentencing court was not operating under a misconception of the law regarding the discretionary nature of a habitual criminal adjudication . . . the sentencing court has met its obligation under Nevada law." *Id.* (internal quotations omitted). "[A] district court may consider facts such as a defendant's criminal history, mitigation evidence, victim impact statements and the like in determining whether to dismiss such a count." *Id.*

NRS 207.010 allows the sentencing court to dismiss the habitual criminal count "when the prior offenses are stale or trivial, or in other circumstances where an adjudication of habitual criminality would not serve the purposes of the statute or the interests of justice." *French v. State*, 98 Nev. 235, 237, 645 P.2d 440, 441 (1982). "NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court." *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Nonetheless, this court has reversed a district court's adjudication when the supporting felony convictions are too stale or too remote. *See Sessions v. State*, 106 Nev. at 191, 789 P.2d at 1244-45 (reversing a district court's decision to adjudicate the defendant as a habitual criminal based on a 31-year-old "conviction for theft of property valued at over fifty dollars," a 27-year-old conviction for grand theft, and a 25-year-old "conviction for escape without the use of force").

Despite its failure to make particularized findings, the record reflects that the court exercised its discretion. At sentencing, the State presented evidence that Clark had, prior to the instant case, been convicted of five felonies. Clark also personally addressed the court

regarding his criminal history and, after entertaining oral argument, the court adjudicated Clark under the small habitual criminal statute, NRS 207.010(1)(a). Had the court misunderstood "the discretionary nature of a habitual criminal adjudication," *Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 894 (2000), the court would likely have adjudicated Clark under the large habitual criminal statute, NRS 207.010(1)(b). Thus, the court's determination to sentence Clark under the small habitual criminal statute shows that it exercised its discretion and did not simply count the number of felonies in Clark's criminal history record.

The district court also did not abuse its discretion in adjudicating Clark as a habitual criminal because his prior convictions are neither too stale nor too remote. Clark's convictions occurred only five years after his last felony convictions. Moreover, his criminal history *spans* approximately 20 years, unlike the defendant's criminal history in *Sessions*, in which the most recent prior felony conviction occurred 25 years ago. *Sessions*, 106 Nev. at 191, 789 P.2d at 1245. Equally important, the district court heard argument from the State, to which the defense did not object, that whenever Clark received probation or parole he violated the terms of his probation or parole and was re-incarcerated. Besides the felony convictions, the State informed the court that Clark was convicted for three gross misdemeanors and six misdemeanors. Accordingly, Clark's criminal history record is not too remote to support habitual criminal adjudication.

Likewise, Clark's convictions are not too trivial to support habitual criminal adjudication. Clark attempts to portray himself to this court as a non-violent victim of an unfortunate drug addiction. This assertion is untenable, and Clark has not presented any evidence to

support his claim that he suffers from drug addiction. While three of his convictions were for drug-related crimes, he was only once convicted for being under the influence of a controlled substance. His remaining two drug offenses were for trafficking, and trafficking does not indisputably indicate that he is an addict. Further, his convictions for coercion and larceny from the person both arose from theft-related incidences. Thus, the court did not abuse its discretion.

*Amending the judgment of conviction*

The district court's judgment of conviction erroneously omitted that the court sentenced Clark under the small habitual criminal statute. Consequently, the Nevada Department of Corrections contacted the court to clarify the sentencing statute, because the sentence the court ordered, without indicating that Clark was sentenced as a habitual criminal, exceeded the statutory maximums. Upon learning of this omission, the district court filed an amended judgment of conviction. The amended judgment reflected that Clark was sentenced under the small habitual criminal statute and, in handwriting initialed by the judge, referenced the transcript of the sentencing hearing where the court announced its order. The court subsequently filed a second amended judgment of conviction. The content of the second amended judgment is identical to that of the first amended judgment, except that the handwritten material is typed.

Clark claims that the district court essentially resentenced him as a habitual criminal when it amended the judgment of conviction. He further claims that the court punished him more harshly in the amended judgment. He asserts that the court did not merely correct a clerical error but that the court exercised its discretion and sentenced him under "an entirely different" statute. However, the State claims that the

SUPREME COURT
OF
NEVADA

(O) 1947A

9

judgment of conviction inadvertently failed to reflect that the district court sentenced Clark pursuant to the small habitual criminal statute and simply corrected a clerical error.

*Illegal sentence*

Nevada's general rule regarding jurisdiction over a criminal case on appeal is provided by NRS 177.155, which states that "[t]he supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk." After a notice of appeal is filed, jurisdiction "is vested solely in the supreme court until the remittitur issues to the district court." *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994). Nevada's statutory scheme therefore provides that a district court lacks jurisdiction over a case from the filing of the notice of appeal until the remittitur is issued.

The State incorrectly contends that Nevada's general rule that district courts are divested of jurisdiction once a notice of appeal is filed does not divest a district court of its authority to correct a clerical error pursuant to NRS 176.565, which allows the district court to correct "[c]lerical mistakes in judgments . . . at any time." In *Medina v. State*, 122 Nev. 346, 356 n.25, 143 P.3d 471, 477 n.25 (2006), this court stated the following:

> We note that there is a clerical error in the judgment of conviction. The judgment incorrectly states that appellant was convicted pursuant to a guilty plea. In fact, appellant was convicted pursuant to a jury verdict. Following this court's issuance of its remittitur, the district court shall correct this error in the judgment of conviction. *See* NRS 176.565 (providing that clerical error in judgments may be corrected at any time); *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) (explaining that district court does

not regain jurisdiction following an appeal until supreme court issues its remittitur).

Here, the district court twice amended Clark's judgment of conviction after Clark had filed his notice of appeal. Even considering the court's omission of NRS 207.010 to be a clerical error, the district court exceeded its jurisdiction when it filed the amended judgment and the second amended judgment.

However, this court has explained that "it is the sentencing court that has the inherent authority to correct its sentence." *Passanisi v. State*, 108 Nev. 318, 321, 831 P.2d 1371, 1372 (1992), *overruled on other grounds by Harris v. State*, 130 Nev., Adv. Op. 47, 329 P.3d 619 (2014). This court has also explained that "[a] motion to correct an illegal sentence is an appropriate vehicle for raising the claim that a sentence is facially illegal at any time." *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "An illegal sentence . . . [is] one at variance with the controlling sentencing statute, or illegal in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided." *Id.* (internal quotations omitted). Therefore, Clark should have contested his sentence in a motion before the district court. *See id.* Because the sentencing court has "the inherent authority to correct its sentence," *see Passanisi*, 108 Nev. at 321, 831 P.2d at 1372, Clark has incorrectly raised the issue for the first time on appeal to this court. Besides Clark's procedural error, we also conclude that Clark's argument that his sentence was illegal is meritless. The district court, in its original judgment of conviction, omitted that it sentenced Clark as a habitual criminal and instead cited to the burglary and home invasion statutes— both category B felonies providing for prison terms of 1-10 years. *See* NRS 205.060(2); NRS 205.067(2); *see also* NRS

207.010(1)(a) (providing that punishment pursuant to "small" habitual criminal adjudication requires a prison term of 5-20 years). Therefore, the imposition of a 5-15 year prison term for burglary and home invasion would have exceeded that allowed by statute. Regardless, the transcript of the sentencing hearing reflects that the district court sentenced Clark under the small habitual criminal statute. Because the court clearly intended to sentence Clark under NRS 207.010(1)(a), the sentence is not illegal. Had Clark filed a motion to modify the judgment of conviction instead of needlessly pursuing this issue on appeal, the district court could have promptly and expeditiously corrected the judgment to include adjudication as a habitual criminal. Such a procedure also would not have prevented Clark from arguing on appeal that the district court abused its discretion in adjudicating him as a habitual criminal.

*Clerical error*

Clark argues that when the district court amended the judgment of conviction to include that he was sentenced under the small habitual criminal statute, the court exercised judicial discretion and essentially resentenced him without notice. Interestingly, Clark does not explain how an amended judgment of conviction, which reflects the sentence that the court pronounced at the sentencing hearing, constitutes resentencing. Moreover, Clark did not contest the legality of his sentence at the sentencing hearing. Indeed, he would not have had any grounds to do so because the sentence fully comports with NRS 207.010(1)(a).

This court has distinguished between judicial errors and clerical errors. *Robertson v. State*, 109 Nev. 1086, 1088 n.1, 863 P.2d 1040, 1041 n.1 (1993), *overruled on other grounds by Krauss v. State*, 116 Nev. 307, 310, 998 P.2d 163, 165 (2000). A clerical error is the result of "a

minor mistake or inadvertence and not from judicial reasoning or determination; esp., a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading." *Error (2. clerical error)*, Black's Law Dictionary (10th ed. 2014). This court has specifically concluded that an error involving a failure to "make the record speak the truth concerning acts done" was a clerical error, not a judicial error. *Robertson*, 109 Nev. at 1088 n.1, 863 P.2d at 1041 n.1.

Here, the judgment of conviction did not "speak the determination," *Channel 13 of Las Vegas, Inc. v. Ettlinger*, 94 Nev. 578, 580, 583 P.2d 1085, 1086 (1978), that the court made during the sentencing hearing. The written judgment states that Clark was sentenced to a maximum prison term of 180 months with parole eligibility after 60 months pursuant to NRS 205.067 and NRS 205.060. However, the sentencing transcript reveals that the court pronounced the same term of imprisonment but adjudicated Clark under the small habitual criminal statute.

In the amended judgments of conviction, the court attempted to correct its prior error by including the small habitual criminal statute. The amended judgments did not increase Clark's term of imprisonment, so he was not punished more harshly. Moreover, the record does not contain any indication that the court reconsidered its sentence, because the term of imprisonment in all three judgments is the same as the term the judge announced at the hearing. *Cf., Ledbetter v. State*, 122 Nev. 252, 266, 129 P.3d 671, 681 (2006) (concluding that "[a]lthough a district court may modify an oral pronouncement of a defendant's sentence in a subsequent written judgment, there is no indication in the record before us that the district court intended to do so in this case" (internal footnote omitted)).

Because we conclude that the district court did not have jurisdiction to enter the amended judgments of conviction, the matter must be remanded to the district court for the vacating of the amended judgments. Further, on remand, we instruct the district court to enter a third amended judgment of conviction correcting its clerical error and again making clear that Clark was adjudicated as a habitual criminal and sentenced pursuant to NRS 207.010(1)(a).

Accordingly, we ORDER the judgment of conviction AFFIRMED IN PART and VACATED IN PART and we REMAND this matter to the district court with instructions as noted above.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Valorie J. Vega, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk