KENNETH RAY McANULTY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22315

February 26, 1992 826 P.2d 567

*Kenneth Ray McAnulty,* In Proper Person, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

On April 3, 1990, the district court convicted appellant, pursuant to a negotiated guilty plea, of one count of grand larceny. The plea negotiations called for appellant to stipulate that he was a habitual criminal under the "little" habitual criminal statute. NRS 207.010(1).

At sentencing, the state noted that this court had recently held that it was impermissible for a district court to rely solely on a defendant's stipulation in determining whether a defendant was a habitual criminal. Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990). The state suggested that instead of stipulating that he was a habitual criminal, appellant could stipulate that he had two prior felony convictions. Appellant stipulated that he had two prior felony convictions, and appellant's counsel agreed. No inquiry into the nature or validity of those convictions was made. It does not appear that any record of the prior convictions was submitted to the district court. Based solely on the stipulation of appellant that he had two prior felony convictions, the district court found that appellant had the status of a habitual criminal. In spite of this finding, appellant argued that he felt that he should not be treated as a habitual criminal, and argued for leniency in sentencing. The district court rebuffed appellant's argument for leniency and sentenced appellant to a term of eighteen years in the Nevada State Prison, as called for in the plea agreement. No direct appeal was taken.

On March 23, 1991, appellant filed in the district court, in proper person, a petition for post-conviction relief. In that petition, appellant alleged that his adjudication as a habitual criminal was improper, and that his attorney was ineffective for failing to point out problems with his prior convictions. Specifically, appellant contended that two of his prior convictions should have merged for purposes of determining habitual criminality. *See* Rezin v. State, 95 Nev. 461, 596 P.2d 226 (1979); Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980). Appellant also contended that it was an abuse of discretion for the district court to consider a 1972 conviction in Ohio for larceny by trick because that conviction was remote in time and for a nonviolent offense. *See* Sessions v. State, 106 Nev. 186, 789 P.2d 1242 (1990). No counsel was appointed for appellant, and no evidentiary hearing was held on his claims. On May 13, 1991, the district court entered its order denying appellant's petition. This appeal followed.

In Staley v. State, 106 Nev. 75, 78, 787 P.2d 396, 397 (1990), this court held that "[a] person cannot stipulate to a status. The

question of the validity of the prior convictions must be determined by the district court as a matter of law; the punishment which follows is dependent on the number of valid prior convictions.''

The procedure used by the district court in sentencing appellant was clearly in violation of our express holding in *Staley*. The district court made no inquiry whatever concerning appellant's prior convictions, despite appellant's assertion that he did not feel that he should be adjudicated a habitual criminal. On the mere, naked admission by appellant and his attorney that appellant had two prior felony convictions, the district court determined that appellant was a habitual criminal. While the existence of a prior conviction may be a factual matter within the knowledge of a defendant, this is not the end of the inquiry. In order to use prior convictions for enhancement purposes, it is essential that those convictions be constitutionally valid. *See* Baldasar v. Illinois, 446 U.S. 222 (1980); Burgett v. Texas, 389 U.S. 109 (1967); Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983); Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970).

The constitutional validity of prior convictions is a legal status to which a defendant may not stipulate. No matter what the plea bargain, the district court must make its own determination as to the constitutional validity of a prior conviction. NRS 207.010(8) provides that ''[a] certified copy of a felony conviction is prima facie evidence of conviction of a prior felony.'' Accordingly, once the state produces certified copies of prior judgments of conviction which do not, on their face, raise a presumption of constitutional infirmity, the district court is entitled to rely on those prior convictions for enhancement purposes unless the defendant is able to prove by a preponderance of the evidence that the prior convictions are constitutionally infirm. *See* Dressler v. State, 107 Nev. 686, 819 P.2d 1288 (1991).

Accordingly, we vacate the order of the district court denying appellant's petition for post-conviction relief. Further, we vacate appellant's sentence. We remand this matter to the district court for resentencing. On remand, the district court shall independently determine the validity of appellant's prior judgments of conviction.

STEFFEN, J., dissenting:

For reasons expressed in my dissent in Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990), I respectfully dissent.