OPINION
 

 By the Court,
 

 Maupin, J.:
 

 This is a proper person appeal from a district court order denying appellant’s post-conviction petition for a writ of habeas corpus. In his petition, appellant alleged: (1) that his trial counsel was ineffective; and (2) that the State failed to prove the prior convictions for driving while under the influence (DUI) required to enhance appellant’s present conviction to felony, third-offense DUI.
 
 See
 
 NRS 484.3792(2). Although we conclude that appellant’s claims lack merit, we issue this opinion to establish that a defendant charged with felony DUI may stipulate to the existence of prior convictions for enhancement purposes.
 

 On December 19, 1995, the district court convicted appellant, pursuant to a guilty plea, of one count of DUI, appellant’s third offense within seven years.
 
 See
 
 NRS 484.3792. The court sentenced appellant to serve five years in the Nevada State Prison. This court dismissed appellant’s untimely direct appeal for lack of jurisdiction. Krauss v. State, Docket No. 29710 (Order Dismissing Appeal, March 14, 1997).
 

 On June 14, 1996, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district
 
 *309
 
 court. The State opposed the petition. The district court declined to appoint counsel or hold a formal evidentiary hearing. However, the court did admit evidence of appellant’s prior convictions that the State alleged should enhance appellant’s present conviction to felony, third-offense DUI. The court summarily denied appellant’s petition. This appeal followed.
 

 In his petition, appellant raised two primary claims. First, appellant argued that his counsel was ineffective for failing to test the validity of the prior DUI convictions during the district court proceedings or on direct appeal. Second, appellant claimed that the State failed to prove his prior DUI convictions with sufficient competent evidence.
 

 From the existing record, it is unclear whether the State produced any proof of the prior convictions before the post-conviction proceedings. Further, it appears that appellant might not have been represented by counsel in one of the two prior DUI cases used to enhance his sentence. The conviction in that case would be invalid for enhancement purposes absent sufficient evidence that appellant “validly waived the right to counsel and that the spirit of constitutional principles was respected.”
 
 See
 
 Davenport v. State, 112 Nev. 475, 478, 915 P.2d 878, 880 (1996).
 

 Nevertheless, appellant led his attorney and the sentencing court to believe that he had been represented by counsel in both cases and that both prior convictions were valid for enhancement purposes. Notably, the following exchange occurred at sentencing:
 

 THE COURT: By virtue of your previous guilty plea you are hereby adjudged guilty of the offense of driving and/or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.
 

 Did we establish the toxicology of the previous offense? I believe we did that at the time we took the plea, didn’t we?
 

 [DEFENSE COUNSEL]: I think so, Your Honor.
 

 THE COURT: He was represented by an attorney in each of these cases?
 

 [DEFENSE COUNSEL]: I believe we did, Your Honor.
 

 THE COURT: Well, Mr. Krauss, do you dispute any of the prior convictions as shown in the presentence report where you had been charged with driving under the influence of intoxicating liquor within the last seven years?
 

 THE DEFENDANT: No, Your Honor.
 

 THE COURT: You were represented by an attorney in reach [sic] one of those cases, weren’t you?
 

 THE DEFENDANT: Yes, sir.
 

 
 *310
 
 Given appellant’s statements on the record, we reject his claim that his counsel was ineffective for failing to test the validity of the prior DUI convictions. The United States Supreme Court has explained, “The reasonableness of counsel’s actions may be determined or substantially influenced by the defendant’s own statements or actions. Counsel’s actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant.” Strickland v. Washington, 466 U.S. 668, 691 (1984). Here, the information supplied by appellant, in open court, indicated that he did not wish to challenge the validity of the prior DUI convictions and that he had been represented by counsel in the prior proceedings. It was reasonable for appellant’s counsel to rely on his client’s assertions.
 

 Similarly, we conclude that relief is unwarranted even assuming that the State failed to offer sufficient competent evidence of appellant’s prior convictions. Assuming the State was prepared to produce proof of appellant’s prior convictions at the time of sentencing, appellant’s statements on the record obviated the need for it to do so.
 
 [1]
 

 We recognize that our ruling today is inconsistent with dictum in Robertson v. State, 109 Nev. 1086, 863 P.2d 1040 (1993). In
 
 Robertson,
 
 the State acknowledged “that the validity of prior convictions is a legal status to which a defendant may not stipulate and must be determined by the district court as a matter of law.”
 
 Id.
 
 at 1089, 863 P.2d at 1042. We overrule
 
 Robertson
 
 to the extent that the opinion suggests that a defendant may not stipulate to or waive proof of prior DUI convictions.
 

 Generally, a defendant is entitled to enter into agreements that waive or otherwise affect his or her fundamental rights. Campbell v. Wood, 18 F.3d 662, 673 (9th Cir. 1994). For example, a defendant may waive a preliminary hearing even though NRS 484.3792(2) indicates that, if a felony DUI offense is alleged, the facts of the prior convictions ‘ ‘must also be shown at the preliminary examination or presented to the grand jury.” Further, by pleading guilty a defendant may waive the trial itself, thereby relieving the State of its obligation to prove the substantive
 
 *311
 
 offense. It follows that a defendant should be able to stipulate to or waive proof of the prior convictions at sentencing.
 

 Having concluded that the claims appellant raised in his petition lack merit,
 
 [2]
 
 we affirm the district court order denying the petition.
 
 [3]
 

 Shearing and Becker, JJ., concur.
 

 [1]
 

 In so ruling, we recognize that the better procedure would have been for the State to make a clear record of appellant’s prior convictions by producing proof of the convictions at the sentencing hearing.
 
 See
 
 NRS 484.3792(2).
 

 [2]
 

 In his petition, appellant also claimed that his counsel improperly failed to review the presentence investigation report and to bring alleged errors in the report to the district court’s attention. The alleged errors in the report are comparatively minor. Having reviewed the sentencing transcript, we do not perceive that appellant suffered any prejudice even assuming his allegations are true. Thus, appellant’s claim lacks merit.
 

 [3]
 

 Although appellant has not been granted permission to file documents in this matter in proper person,
 
 see
 
 NRAP 46(b), we have received and considered appellant’s proper person documents. We conclude that the relief requested is not warranted.