STEVEN BRADLEY HODGES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 41067

STEVEN BRADLEY HODGES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 41070

October 15, 2003                                    78 P.3d 67

*Mary Lou Wilson*, Reno, for Appellant.

*Brian Sandoval*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Gary H. Hatlestad*, Deputy District Attorney, Washoe County, for Respondent.

Before ROSE, LEAVITT and MAUPIN, JJ.

## OPINION

*Per Curiam:*

The primary issue in these appeals is whether appellant Steven Bradley Hodges stipulated to prior convictions that provided the basis for his adjudication as a habitual criminal. We conclude that he did.

### FACTS

In April 2002, pursuant to plea negotiations, Hodges agreed to plead guilty to one count of possession of stolen property in district court case CR01-0742 and another count of possession of stolen property in case CR01-0743. In return, the State agreed to dismiss all other charges in these cases and a third case. In the plea memorandum in CR01-0742, Hodges stipulated, ''I am a habitual criminal.'' He and the State agreed in that case to request a prison term

of five to twenty years and in CR01-0743 to request a concurrent sentence.

Hodges entered his pleas on the same day that he executed a plea memorandum in each case. Hodges initially told the district court that he was not satisfied with his counsel and was not guilty of the offenses. The court then set the matter for trial. About an hour later, after speaking to family members, Hodges indicated that he wanted to plead guilty pursuant to the plea negotiations. The court asked Hodges if he was being compelled against his will to plead guilty, and he said, ''No.'' The court canvassed Hodges and asked him, among other things: ''Do you understand that for this charge, being a habitual criminal, which you are stipulating that you are a habitual criminal, you can receive a sentence of not less than five years and up to twenty years in the State prison?'' He answered, ''Yes, sir.'' The court accepted his guilty pleas.

The State based its charge that Hodges was a habitual criminal on two prior Nevada felony convictions of possession of stolen property in 1990 and in 1996, which were alleged in an amended information. These convictions, as well as others, were reflected in both presentence reports. At the sentencing hearing in June 2002, defense counsel told the district court that he had provided copies of the presentence reports to Hodges and that there were ''no major factual corrections.'' In pronouncing sentence, the court noted that Hodges had numerous prior felony convictions, including the two specifically alleged by the State as the basis for the habitual criminal charge. The court found that Hodges was a habitual criminal and, following the parties' requests, sentenced him to a prison term of five to twenty years and to a concurrent term of twenty-four to sixty months for possession of stolen property.[1]

A month after judgment was entered in both cases, defense counsel and the Deputy District Attorney filed a written stipulation that Hodges was entitled to credit for 342 days served in case CR01-0742; they also stipulated ''to the admission of Hodges' prior convictions alleged in the Amended Information in this case.'' The original judgment of conviction gave credit for only 153 days, and an amended judgment was eventually filed reflecting the correct number of days.

Hodges did not file a direct appeal but timely petitioned the district court for habeas relief. He asserted three claims: he was denied effective assistance of counsel because his counsel coerced him to plead guilty; he never received a hearing to adjudicate him a habitual criminal; and his sentence was cruel and unusual punishment. The district court dismissed his petition. It concluded that

---

[1]The district court also sentenced Hodges to a concurrent prison term for assault with a deadly weapon in another case, which is not at issue in this appeal.

the record repelled his claims that his plea was coerced and that he did not receive a hearing. It also concluded that Hodges waived such a hearing when he stipulated that he was a habitual criminal. The court also rejected his claim of cruel and unusual punishment, but Hodges has not raised this on appeal.

## DISCUSSION

NRS 34.810(1)(a) provides that a court shall dismiss a post-conviction habeas petition challenging a conviction based on a guilty plea unless the petition alleges ''that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.'' A petitioner is entitled to an evidentiary hearing only if he supports his claims with specific factual allegations that if true would entitle him to relief.[2] The petitioner is not entitled to an evidentiary hearing if the factual allegations are belied or repelled by the record.[3]

Hodges claims first that his plea was involuntary and his counsel ineffective because his counsel coerced him into pleading guilty. The only specific factual allegation that Hodges makes is that his guilty plea came barely an hour after he told the district court that he was not guilty and was not satisfied with his counsel. Hodges speculates, based on this, that he was somehow improperly forced to change his mind. But he makes no specific factual allegations to support this speculation, and the plea memoranda and transcript of the plea canvass belie this claim. The district court did not err in dismissing this claim without an evidentiary hearing.

Hodges also contends that the sentencing court erred in not requiring the State to produce certified copies of his prior convictions before adjudicating him a habitual criminal. Hodges has not clearly articulated how this claim is cognizable under NRS 34.810(1)(a),[4] but he implies that his guilty plea was unknowing. We consider the merits of the claim on this basis, but a review of the relevant law demonstrates that the claim fails.

In *Staley v. State* in 1990, this court held that adjudicating a defendant a habitual criminal based on the defendant's stipulation to that status was improper.[5] Our opinion stated: ''A person cannot

---

[2]*Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

[3]*Id.* at 503, 686 P.2d at 225.

[4]The State suggests that this claim is procedurally barred because the issue could have been raised on direct appeal and Hodges has not shown cause for failing to do so or prejudice. However, NRS 34.810 does not impose such requirements on a first post-conviction habeas petition challenging a conviction based on a guilty plea.

[5]106 Nev. 75, 78, 787 P.2d 396, 397 (1990).

stipulate to a status. The question of the validity of the prior convictions must be determined by the district court as a matter of law . . . ."[6] In *McAnulty v. State* in 1992, this court held that under *Staley* a defendant also could not be adjudicated a habitual criminal based solely on the defendant's stipulation that he had prior felony convictions.[7] *McAnulty* suggested that in finding prior convictions, a district court could rely only on certified copies of prior judgments of conviction, which by statute were *prima facie* evidence of such convictions.[8] The next year in *Robertson v. State*, citing *Staley*, this court indicated in dictum that district courts also could not rely on stipulations regarding prior convictions to enhance a DUI conviction to a felony.[9]

In 1997, however, the Legislature made clear that statutory law does not prohibit the use of a stipulation as a basis for an adjudication of habitual criminality. NRS 207.016(6) was enacted, providing: "Nothing in the provisions of this section, NRS 207.010, 207.012 or 207.014 prohibits a court from imposing an adjudication of habitual criminality, adjudication of habitual felon or adjudication of habitually fraudulent felon based upon a stipulation of the parties."[10] This court apparently has not addressed NRS 207.016(6) before, but in 2000 we issued *Krauss v. State*, which overrules *Robertson* "to the extent that the opinion suggests that a defendant may not stipulate to or waive proof of prior DUI convictions."[11] *Krauss* explains that such a stipulation or waiver is consistent with other decisions a defendant can properly make.

> Generally, a defendant is entitled to enter into agreements that waive or otherwise affect his or her fundamental rights. For example, a defendant may waive a preliminary hearing even though NRS 484.3792(2) indicates that, if a felony DUI offense is alleged, the facts of the prior convictions "must also be shown at the preliminary examination or presented to the grand jury." Further, by pleading guilty a defendant may waive the trial itself, thereby relieving the State of its obligation to prove the substantive offense. It follows that a defendant should be able to stipulate to or waive proof of the prior convictions at sentencing.[12]

[6]*Id.*

[7]108 Nev. 179, 181, 826 P.2d 567, 568-69 (1992); *see also Crutcher v. District Court*, 111 Nev. 1286, 903 P.2d 823 (1995).

[8]*See* 108 Nev. at 181, 826 P.2d at 569.

[9]109 Nev. 1086, 1089, 863 P.2d 1040, 1042 (1993).

[10]1997 Nev. Stat., ch. 314, § 11, at 1187.

[11]116 Nev. 307, 310, 998 P.2d 163, 165 (2000).

[12]*Id.* at 310-11, 998 P.2d at 165 (citation omitted).

More recently, we have also indicated that defendants "may stipulate to or waive proof of prior convictions" to enhance an offense of unlawful possession of a controlled substance.[13]

This court has not explicitly overruled *Staley* and *McAnulty* and held that a defendant can stipulate to the existence of prior convictions as a basis for habitual criminal adjudication, but given NRS 207.016(6) and our reasoning in *Krauss*, we now do so. Hodges concedes that this is the state of the law. However, he distinguishes between stipulating to specific prior convictions and stipulating simply to the status of habitual criminal, as he did, and argues that the latter is not a sufficient basis for habitual criminal adjudication. The State agrees that our caselaw has made this distinction. We also agree: *Krauss* holds only that a defendant may "stipulate to or waive proof of the prior convictions" and does not endorse stipulations to status alone.

However, the State argues that under NRS 207.016(6) stipulations to status alone should be a sufficient basis for habitual criminal adjudication. We reject this argument. We are concerned not only with statutory requirements but also constitutional guarantees of due process.[14] There is less chance for mistakes or abuse of the stipulation process as long as a defendant must at least admit that he received specific prior convictions, not just that he is "a habitual criminal," before a district court can consider adjudicating the defendant a habitual criminal. As explained below, under the circumstances of this case, we conclude that Hodges did more than just stipulate to habitual criminal status.

Hodges tries to distinguish his case from *Krauss*. In *Krauss*, the appellant did not dispute the validity of his two prior DUI convictions and in response to questions from the district court indicated that he had been represented by counsel in both cases.[15] Hodges says that in his case no such colloquy with the district court occurred and that nothing in the record shows that he stipulated to or waived proof of his prior convictions. We disagree.

In the amended information in this case, the State specified the two prior felony convictions that it was relying on in charging that Hodges was a habitual criminal. In his plea memorandum, Hodges stipulated that he was a habitual criminal. The presentence reports described the two prior convictions, and defense counsel informed

---

[13]*Hudson v. Warden*, 117 Nev. 387, 395, 22 P.3d 1154, 1159 (2001) (citing *Krauss*, 116 Nev. 307, 998 P.2d 163).

[14]*See id.* at 394-95, 22 P.3d at 1159 ("In order to satisfy the requirements of due process when seeking to enhance an offense, the State must prove the prior convictions at or anytime before sentencing.").

[15]116 Nev. at 309, 998 P.2d at 164-65.

the court that there were no significant errors in the reports. Before accepting the guilty plea, the district court reminded Hodges that he was stipulating to being a habitual criminal and was liable for a prison term of five to twenty years, and Hodges said that he understood. In the sentencing hearing, the court referred specifically to the two prior convictions that served as the basis to adjudicate Hodges a habitual criminal. Finally, in seeking an amended judgment to reflect credit for time served, Hodges stipulated "to the admission" of the prior convictions alleged in the amended information. At no point did Hodges dispute—nor has he now disputed—the existence or validity of the prior convictions. Given these circumstances, we conclude that Hodges effectively stipulated to his prior convictions. Therefore, the district court did not err in dismissing this claim without an evidentiary hearing.

## CONCLUSION

We conclude that the claims that Hodges raises are without merit and affirm the district court's order dismissing his postconviction petitions for habeas relief.