**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE LAMAR HARTWELL, | No. 10-17728 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01371-KJD-LRL |
| v. | |
| DWIGHT NEVEN, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

The Nevada state court's determination that Willie Lamar Hartwell was not

denied his Sixth Amendment right to the effective assistance of counsel was not an

unreasonable application of clearly established Supreme Court precedent because

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hartwell cannot show he suffered prejudice due to any deficiency of counsel. 28 U.S.C. § 2254(d); *see Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Even assuming that Hartwell's indications triggered his counsel's duty to consult, the Nevada state court could reasonably conclude that Hartwell was not deprived of an appeal, given that the Nevada Supreme Court directed the state trial court to consider all of Hartwell's "direct appeal" claims even if it determined that counsel was not ineffective; Hartwell argued his claims to the state trial court with the assistance of counsel; the state trial court rejected those claims on the merits; and the Nevada Supreme Court rejected the only claim Hartwell elected to raise on appeal. *See id.* at 483.

We also reject Hartwell's argument that the Nevada sentencing court violated his federal due process rights by enhancing his sentence under Nevada's habitual criminal statute, and therefore need not reach the question whether this claim was exhausted in state court. *See* 28 U.S.C. § 2254(b)(2). The Nevada Supreme Court could reasonably determine, pursuant to state law, that Hartwell effectively stipulated to at least five prior felony convictions. *See Hodges v. State*, 78 P.3d 67, 70 (Nev. 2003). Moreover, even if the Nevada Supreme Court erred, an error of state law such as this one, which does not rise to the level of a federal due process violation, cannot serve as the basis for federal habeas relief. *See*

2

*Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**AFFIRMED.**