An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHAN DANIEL ADAKAI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63083

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery constituting domestic violence. First Judicial District Court, Storey County; James Todd Russell, Judge.

Appellant Nathan Daniel Adakai contends that his two prior misdemeanor domestic battery convictions, used by the State to enhance the instant case to a felony, were not sufficiently proven and "introduced into evidence at the district court." Adakai claims that his felony domestic battery conviction must therefore be reversed and the matter remanded for sentencing as a misdemeanor. We disagree.

Pursuant to NRS 200.485(4), "[t]he facts concerning a prior offense must be alleged in the . . . information, . . . must be proved at the time of sentencing and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination." The State has the burden to establish the constitutional validity of prior misdemeanor convictions, *see Dressler v. State*, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991), unless a defendant waives or stipulates to their proof, *see Hobbs v. State*, 127 Nev. ___, ___ n.4, 251 P.3d 177, 181 n.4 (2011); *Krauss v. State*,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31045

116 Nev. 307, 309-311, 998 P.2d 163, 164-65 (2000) (concluding that defendant's statements on the record constituted a waiver and obviated the need for the State to offer proof of his prior convictions); *see also Hodges v. State*, 119 Nev. 479, 484, 78 P.3d 67, 70 (2003) (to satisfy due process concerns prior to habitual criminal adjudication, "[t]here is less chance for mistakes or abuse of the stipulation process as long as a defendant must at least admit that he received specific prior convictions").

At the preliminary hearing, certified copies of the judgments of conviction and additional documents related to Adakai's two prior misdemeanor domestic battery convictions were admitted as exhibits; the additional documents establish the constitutional validity of the prior convictions. The criminal information filed in the district court listed the two prior domestic battery convictions. At his arraignment, defense counsel informed the district court that Adakai was "going to be pleading to domestic battery, third offense." Upon questioning by the district court, Adakai admitted to receiving two prior domestic battery convictions. A review of the arraignment and plea canvass indicates that Adakai fully understood that he was pleading to third-offense domestic battery. The State did not offer copies of the prior judgments of conviction into evidence at the arraignment, however, defense counsel informed the district court that she "reviewed them, your Honor, and I believe they're legally sufficient." At the sentencing hearing, there is no indication that the State offered copies of the prior judgments into evidence. Nevertheless, we conclude that Adakai's admission and defense counsel's statements

 

constituted a waiver and stipulation to the proof of the two prior convictions used for enhancement purposes. Therefore, we further conclude that Adakai is not entitled to relief, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James Todd Russell, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Storey County District Attorney
       Storey County Clerk

---

[1]The fast track statement and response do not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for the parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).