# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DARREON LEVERT BRYANT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74904 |

FILED

MAR 14 2019

ELI... BROWN
CLERK OF ... COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order denying a motion to modify or correct an illegal sentence. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Darreon Bryant pleaded guilty to trafficking in a controlled substance. In his plea agreement, he stipulated to a 5-to-15-year sentence as a habitual criminal. The State filed a notice of intent to seek habitual criminal treatment and alleged three prior felony convictions. However, the State did not present the prior judgments of conviction at the sentencing hearing to support habitual criminal treatment, and the district court sentenced Bryant to a term of 28 to 72 months imprisonment. The judgment of conviction was entered on July 20, 2017. The State moved to reconsider the sentence, claiming it mistakenly represented that it did not have the supporting records. The district court granted the State's motion, concluding that its earlier sentencing decision was based on a material mistake of fact and imposed a sentence of 5 to 15 years and entered an amended judgment of conviction on September 5, 2017. Bryant filed a motion to modify or correct an illegal sentence, asserting that the district court did not have jurisdiction to resentence him. The district court denied the motion.

19-11449

We conclude that the district court erred in denying Bryant's motion because the district court lacked jurisdiction to increase his sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (recognizing that a sentence may be illegal where the district court did not have jurisdiction to impose it). Generally, the district court lacks jurisdiction to modify a sentence after the defendant has begun serving it. *Staley v. State*, 106 Nev. 75, 79, 787 P.2d 396, 398 (1990), *overruled on other grounds by Hodges v. State*, 119 Nev. 479, 78 P.3d 67 (2003). While the district court may correct an illegal sentence or clerical errors in the judgment at any time, NRS 176.555; NRS 176.565; *Edwards*, 112 Nev. at 707-08, 918 P.2d at 324, Bryant's original sentence of 28 to 72 months was facially legal, *see* NRS 453.3385(1)(a), and the judgment of conviction accurately described the oral pronouncement at sentencing. The district court only had jurisdiction to modify the sentence if it was based on a mistake of fact about Bryant's criminal history *that worked to his extreme detriment. Edwards*, 112 Nev. at 708, 918 P.2d at 324. It could not modify the sentence based on mistakes that may have worked to *the State's* detriment. *See Staley*, 106 Nev. at 79-80, 787 P.2d at 398-99 (recognizing that the district court's authority to modify a sentence stems from the defendant's due process rights and the State is not denied due process by failure to sentence a defendant to a longer term).

The district court also erred in concluding that the motion was procedurally barred or that Bryant was estopped from challenging the amended sentence. The district court may entertain a motion to correct an illegal sentence at any time. *See* NRS 176.555 (authorizing district court to correct illegal sentence at any time). Bryant's guilty plea did not estop him from challenging the district court's jurisdiction to modify his sentence after

SUPREME COURT
OF
NEVADA

(O) 1947A

2

he began serving it. *See, e.g., Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994) (recognizing that defendant who pleads guilty may challenge sentencing procedures).

Having considered the parties' briefs and the record on appeal, and for the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas Smith, District Judge
       Darreon Levert Bryant
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk